**STATE of Iowa, Appellee,**

v.

**Charles L. CARTEE, Appellant.**

**No. 97–1001.**

Supreme Court of Iowa.

April 22, 1998.

Linda Del Gallo, State Appellate Defender, David Arthur Adams, Assistant State Appellate Defender, and Ursula Koenig, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Lawrence H. Schultz, County Attorney, and Bruce Ingham, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

Defendant Charles Cartee concedes he furnished marijuana for his teenaged sons and their friends and, on occasion, smoked it with them. But he contests the sufficiency of the State's proof that he used a minor in the drug trade, in violation of Iowa Code section 124.406A (1997), or sponsored a gathering

where controlled substances were unlawfully used, in violation of Iowa Code section 124.407. He also claims the distribution and drug trade crimes should merge for purpose of sentencing. Finding no merit to these challenges, we affirm the judgments of conviction entered by the district court.

A jury could have found the following facts. Cartee, age forty, was a single parent to three sons—ages sixteen, fourteen, and seven. The boys—who had been abandoned by their mother—intermittently lived with Cartee, his sister, or his mother. From November 1996 through January 1997 the children were under Cartee's care and supervision. There is no dispute that the two older boys habitually brought their school friends into Cartee's home to smoke marijuana, drink beer, and "huff" gasoline. Sometimes when Cartee would come home tired from work, he would order the children to "clear out." On occasion, however, Cartee not only condoned the partying, he supplied the marijuana, joined in the smoking, and readily took money from the children in exchange for drugs.

When these events became known to school officials, the local police were notified. As part of their narcotics investigation, the officers interviewed friends of the Cartee boys, who confirmed the allegations of illegal drug activity occurring in the Cartee home.

The officers enlisted one of the boys (age sixteen at the time) to participate in a controlled purchase of marijuana from Cartee. Wired with a listening device, the boy engaged in a conversation with Cartee and his sixteen-year-old son, David, which the police monitored and recorded. During the taped conversation, the boy asked whether Cartee could get him a $20 bag of marijuana. Cartee said he could, took the child's money, and returned sometime later with a quantity of marijuana described on the tape as looking "pretty compressed" for the amount of cash paid. The boy left Cartee's home with the marijuana provided by Cartee as well as a small amount given him by David, for a total weight of 1.39 grams. Following this controlled buy, police secured a warrant to search Cartee's residence. The search yielded a small quantity of marijuana, drug paraphernalia, and a crack cocaine pipe.

The State filed a four-count trial information charging Cartee with distribution of a controlled substance (marijuana) to a minor, in violation of Iowa Code section 124.406; use of a minor in the drug trade (marijuana), in violation of Iowa Code section 124.406A; sponsoring or promoting a gathering where drugs are unlawfully used, in violation of Iowa Code section 124.407; and child endangerment, in violation of Iowa Code sections 726.6(1)(a), (3). At trial, Cartee unsuccessfully moved for judgment of acquittal at the close of the State's case and at the close of all the evidence. The jury returned guilty verdicts on all counts. Cartee then filed a motion in arrest of judgment, urging that the merger requirement of section 706.4 barred sentencing on both the conviction for distributing drugs to a minor and the conviction for conspiring or recruiting a minor in the drug trade. The court overruled the motion. It sentenced Cartee to consecutive sentences on each count for a total of thirty-seven years imprisonment.

Cartee's brief on appeal concedes that the "evidence presented overwhelmingly supports the defendant's conviction for delivery of marijuana to a person under the age of 18." He also mounts no challenge to his conviction for child endangerment. His appeal contests only the sufficiency of the evidence to convict him for (1) using minors to trade drugs, and (2) sponsoring, promoting, or aiding a gathering where drugs are used. As a fall-back argument he claims that, under section 706.4, the conviction for using a minor in the drug trade merges into the conviction for distribution to minors.

## I. Scope of Review.

We review this criminal case for the correction of errors at law. The question is whether substantial evidence supports the jury's verdict. Substantial evidence is defined as proof which could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Veal,* 564 N.W.2d 797, 803 (Iowa 1997). In making this determination, we view the record in the light most favor-

able to the State, granting it the benefit of all fair and reasonable inferences that may be drawn from the evidence. *State v. Brown,* 569 N.W.2d 113, 115 (Iowa 1997). We will not, however, uphold a verdict on evidence that merely raises suspicion, speculation, or conjecture regarding guilt. *Id.*

Cartee's section 706.4 claim of merger raises an issue of statutory interpretation, also a matter reviewed for errors at law. *See State v. Terry,* 569 N.W.2d 364, 366 (Iowa 1997); *State v. Waterbury,* 307 N.W.2d 45, 52 (Iowa 1981).

## II. Issues on Appeal.

**A. *Sufficiency of Evidence.*** This appeal presents our first opportunity to consider Iowa Code sections 124.406A (use of minor in drug trade) and 124.407 (gathering where drugs are used). Cartee challenges the applicability of each statute to the facts before us. We will address these arguments in turn.

**1. *Use of minor in drug trade.*** Iowa Code section 124.406A states:

> It is unlawful for a person who is eighteen years of age or older to conspire with or recruit a person under the age of eighteen for the purpose of delivering or manufacturing a controlled substance classified in schedule I through IV. A person violating this section commits a class "C" felony.

Iowa Code § 124.406A.

■ Cartee readily concedes the record supports the finding that he delivered marijuana to one or more persons under eighteen years of age. But he claims the record contains no proof that his activity furthered any "drug trade," or that he conspired with or recruited any young person in such an endeavor. The State counters that Cartee's argument misinterprets both the statute and the record. We are inclined to agree.

Cartee seems to argue that the statute contemplates distribution of drugs on a wider scale than demonstrated by the small-time sale and sharing of marijuana revealed by this record. Section 124.406A, however, simply criminalizes the recruitment of minors in the *delivery* or manufacture of drugs. "Delivery" is defined by statute as "the actual,

constructive, or attempted transfer from one person to another of a controlled substance." Iowa Code § 124.101(7). Clearly the transfer of marijuana from Cartee to the boys, for use on his premises or elsewhere, meets the definition of delivery. No more elaborate or profitable operation need be shown to come within the statute.

The question is whether a jury could find Cartee "recruited" a minor for the purpose of facilitating the transfer of drugs. The court instructed the jury that "recruit" means "to seek out a person to perform a specific task or service." *See* Webster's Ninth New Collegiate Dictionary 985 (1986) ("recruit" defined as "to secure the services of: ENGAGE, HIRE"). In the court's ruling on Cartee's posttrial motions, it noted the jury could infer from the evidence that Cartee engaged his minor son, David, in his drug dealings. Substantial support for this conclusion appears in the record. One of David's friends, when asked why he went to Cartee to get drugs, said, "Well, his son said that he could probably get it from his dad." Another of David's friends testified that he spent time at the Cartee house because "the [Cartee] boys were my friends." When asked about the source of marijuana smoked at the defendant's house, the boy replied, "Well, usually we'd give the money to Charlie and he'd go buy it for us." As the district court noted, these were David's friends—not Cartee's—who were drawn to the illicit activity and relative security of the Cartee home.

Not only could the jury find Cartee furnished drugs and a place to consume them, it could infer from Cartee's own testimony that there was a motive behind his conduct. The record strongly suggests Cartee used a portion of the boys' money to provide drugs for himself, either by "shorting" the boys on their marijuana "orders" or by smoking some of the marijuana he had bought with their money.

■ Despite this proof, Cartee maintains the record discloses no agreement or conspiracy between him and any of the youngsters to deliver drugs. Such an agreement, however, may be proven circumstantially by "conduct of the alleged participants or evi-

dence of a scheme." *State v. LaRue,* 478 N.W.2d 880, 882 (Iowa App.1991) (quoting *United States v. Garcia,* 917 F.2d 1370, 1376 (5th Cir.1990)). We are convinced there was substantial evidence in this record to support the jury's finding that Cartee was engaged in the delivery of drugs and used a minor to facilitate that activity. Cartee's assertion to the contrary is without merit.

■ *2. Gatherings where drugs were used.* Iowa Code section 124.407 makes it

> unlawful for any person to sponsor, promote, or aid, or assist in the sponsoring or promoting of a meeting, gathering, or assemblage with the knowledge or intent that a controlled substance be there distributed, used or possessed, in violation of this chapter.
>
> . . . .
>
> Any person who violates this section, and where the controlled substance is marijuana only, is guilty of a serious misdemeanor.

Iowa Code § 124.407. Both parties agree that the statutory terms "sponsor, promote, or aid" should be given their ordinary meaning because the statute provides no contrary legislative definition. *See State v. White,* 563 N.W.2d 615, 617 (Iowa 1997). In ordinary usage, the statute's operative terms connote active participation. "Promote" means to move forward or further an enterprise. *See* Webster's Ninth New Collegiate Dictionary 941 (1986). "Sponsor" commonly means to assume responsibility for. *Id.* at 1140.

Cartee argues his sons—not he—invited their friends to gather at his home to do drugs. And, from time to time, he kicked them out. Thus he contends the record is insufficient to show that he actively furthered or assumed responsibility for the marijuana parties. Yet substantial evidence in the record could lead a reasonable jury to a contrary conclusion.

Direct testimony reveals that Cartee "took charge" when marijuana smoking occurred in his home. It was he or his son, David, who filled the marijuana pipe and lit it before passing it among the youngsters gathered there. On occasion he reportedly offered crack cocaine to the minors present who were willing to "chip in" for its cost. The jury could likewise conclude that, when Cartee was not physically present, he assisted the gatherings by providing the drugs and a place to smoke them. His claim that his conviction rests on mere speculation and conjecture simply has no merit.

■ *B. Claim of Merger Under Iowa Code § 706.4.* Prior to sentencing, Cartee moved in arrest of judgment citing Iowa Code section 706.4 for the proposition that he could not be convicted of both delivery of drugs to a minor and use of a minor in the drug trade because both convictions rested on the same conduct. The statute states:

> A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense.

Iowa Code § 706.4. Cartee renews his claim on appeal, arguing that "the defendant's conduct was the same towards each of the teenagers.... All were allegedly delivered to and all, if any, were conspired with."

Cartee cannot prevail on his argument because it misapplies section 706.4 to the two statutes under which he has been convicted. The "conspiracy" element of section 124.406A pertains to using a minor to deliver drugs— not conspiring to deliver drugs to a minor in violation of section 124.406. Were merger under section 706.4 applicable to the conspiracy element here, a conspiracy conviction would merge with the conviction for *using* the minor in the drug trade. *Compare State v. Smith,* 476 N.W.2d 86, 91 (Iowa App.1991) (finding possession of a controlled substance and conspiracy to possess a controlled substance with intent to deliver "entirely different" for purposes of section 706.4), *with Waterbury,* 307 N.W.2d at 51–52 (conviction for conspiracy to commit murder merges with conviction for first-degree murder). Cartee is mistaken when he argues the conspiracy to use a minor is an offense underlying the unrelated public offense of *delivering* drugs to minors.

Moreover, we find no merit in Cartee's contention that he is being twice punished for the same conduct. Clearly the statutes under which he was charged and convicted address two separate evils: delivering drugs to minors and using minors in the drug trade. *See State v. Butler,* 415 N.W.2d 634, 637 (Iowa 1987) ("By enacting separate statutes the legislature addressed separate evils."); *cf. State v. Perez,* 563 N.W.2d 625, 627 (Iowa 1997) ("multiple punishment proscription 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended'"). The district court correctly rejected Cartee's merger argument.

Because the record reveals no error warranting reversal, we affirm the judgment of the district court.

**AFFIRMED.**