**STATE of Iowa, Appellee,**

v.

**Jeff Darryl CARTER, Appellant.**

**No. 97–1214.**

Supreme Court of Iowa.

July 29, 1998.

---

Linda Del Gallo, State Appellate Defender, and Christopher A. Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, James DeTaeye, County Attorney, and Chad R. Frese, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

The defendant, Jeff Carter, contends that insufficient facts support his guilty plea to the offense of promoting a gathering where controlled substances were unlawfully used. *See* Iowa Code § 124.407 (1997). He asserts he did not sponsor or promote a gathering within the meaning of the statute. Because we find a sufficient factual basis for Carter's plea, we affirm.

■ I. *Standards for review.* Carter's attorney did not file a motion in arrest of judgment challenging his guilty plea. Therefore, Carter cannot attack the validity of his plea on direct appeal, unless he can establish that his "failure to file a motion in arrest of judgment resulted from the ineffective assistance of counsel." *State v. Brooks,* 555 N.W.2d 446, 448 (Iowa 1996). Carter must prove that his trial counsel "failed to perform an essential duty" and that he "was prejudiced by counsel's error." *Id.* In applying this test to a claim that the defendant's guilty plea had no factual basis, we said in *Brooks:*

> We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea. On the other hand, where a factual basis exists for the plea, counsel usually will not be found ineffective for allowing the defendant to plead guilty.

*Id.* (citations omitted).

■ The pivotal issue, then, is whether a factual basis exists for Carter's guilty plea to

the charge of promoting a gathering. In deciding this issue, we consider the entire record before the district court, including any plea colloquy. *See id.* at 448–49.

■ II. *Elements of offense and factual basis shown.* Carter pled guilty to a violation of Iowa Code section 124.407:

It is unlawful for any person to sponsor, promote, or aid, or assist in the sponsoring or promoting of a meeting, gathering, or assemblage with the knowledge or intent that a controlled substance be there ·distributed, used or possessed, in violation of this chapter.

The key elements of this crime as applied to Carter are (1) Carter sponsored, promoted or aided (2) a meeting, gathering or assemblage (3) with the knowledge or intent that a controlled substance be there distributed, used or possessed. Carter challenges the factual basis for the first two elements of this offense; he claims he did not sponsor, promote or aid a gathering within the legislature's intended meaning of these terms.

The record shows that Carter rented a hotel room on February 5, 1997. He was present there with two others. Carter admitted they had cocaine and he knew cocaine would be used in the room. The record also shows a person in another room observed a steady flow of people into Carter's room all night. These people would stay for a short while, five to ten minutes, and then leave. Finally, the record ·shows that more than twenty-seven grams of cocaine were seized from Carter's room. As we now discuss, we think these facts establish a factual basis for Carter's guilty plea to the crime of promoting a gathering.

■ III. *Factual showing of a gathering.* We first consider whether the event occurring at Carter's hotel room was a "meeting, gathering, or assemblage" within the meaning of the statute. Because the legislature has not defined these terms, we consider their ordinary usage and the context in which they appear. *See* Iowa Code § 4.1(38); *Lockhart v. Cedar Rapids Community Sch. Dist.*, 577 N.W.2d 845, 847 (Iowa 1998).

The word "meeting" is defined as "a gathering for business, social, or other purposes." *Webster's Third New International Dictionary* 1404 (unabr. ed.1993). "Gathering" means "a coming together of people in a group." *Id.* at 940. The terms "assembly" and "meeting" are listed as synonyms. *See id.* A "group" is "a relatively small number of individuals assembled or standing together." *Id.* at 1004. "Assemblage" is defined as "a collection of individuals." *Id.* at 131. It also has the noun "assembly" listed as a synonym. *See id.* The word "assembly" does not appear to be limited to a small number of persons: "a company of persons collected together in one place usu. for some common purpose (as deliberation and legislation, worship, or entertainment)." *Id.* We think these definitions show that the legislature intended to encompass small groups of people as well as large congregations of people when it used the language "meeting, gathering, or assemblage."

Carter argues, however, that the statute is "aimed at preventing large drug gatherings." He observes that section 124.407 was enacted following the controversial 1970 rock festival that took place in Wadena, Iowa, at which drug usage was prevalent. *See* 1971 Iowa Acts ch. 148, § 407. Carter also points out that section 124.407 allows the authorities to obtain an injunction prohibiting such an assemblage:

The district court shall grant an injunction barring a meeting, gathering, or assemblage if upon hearing the court finds that the sponsors or promoters of the meeting, gathering, or assemblage have not taken reasonable means to prevent the unlawful distribution, use or possession of a controlled substance. Further injunctive relief may be granted against all persons furnishing goods or services to such meeting, gathering, or assemblage.

He contends this remedy obviously envisions an advertised event and not a small, private gathering such as the one that occurred in his hotel room.

■ Although the Wadena rock festival may well have been the impetus for the legislature's adoption of section 124.407, there is nothing in the legislative history to indicate the prevention of such events was

the only goal of the general assembly in enacting the statute. Moreover, the words used in the statute indicate that its intended scope is broader. The fact that injunctive relief may not be a realistic law enforcement tool to prevent private gatherings of which the authorities have no advance notice does not justify a narrow interpretation of the statute contrary to the language defining the crime itself. Therefore, we conclude section 124.407 is not limited to gatherings which are advertised or otherwise publicly promoted; the statute applies equally to small, private gatherings that otherwise meet the terms of the statute. Consequently, we hold the events occurring in Carter's hotel room in February 1997 qualify as a "meeting" or "gathering" within the meaning of section 124.407.

■ IV. *Factual showing that Carter sponsored, promoted or aided the gathering.* We recently interpreted the terms "sponsor, promote, or aid" as used in section 124.407 in *State v. Cartee,* 577 N.W.2d 649 (Iowa 1998). In *Cartee,* we said:

> Both parties agree that the statutory terms "sponsor, promote, or aid" should be given their ordinary meaning because the statute provides no contrary legislative definition. In ordinary usage, the statute's operative terms connote active participation. "Promote" means to move forward or further an enterprise. "Sponsor" commonly means to assume responsibility for.

577 N.W.2d at 653 (citations omitted). We held the defendant in *Cartee* sponsored, promoted, or aided a gathering as prohibited by this statute when he provided the drugs that were consumed at the gathering as well as a place to smoke them. *Id.*

Similarly, here Carter provided the room where drugs were used and distributed. Therefore, he actively furthered and assisted the gathering, thereby satisfying the first element of the crime.

V. *Conclusion.* A factual basis exists for Carter's guilty plea to a violation of section 124.407. Consequently, his trial counsel was not ineffective in failing to file a motion in arrest of judgment to challenge that plea. Therefore, we affirm his conviction.

**AFFIRMED.**