# IN THE COURT OF APPEALS OF IOWA

No. 4-048 / 13-0715
Filed March 12, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DOUGLAS EDWIN KURTZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

Defendant appeals a district court ruling denying his motion to correct an illegal sentence on the ground it was moot because he had discharged his sentence. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Patrick Jennings, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Defendant appeals the denial of his motions to correct an illegal sentence and in arrest of judgment. The motion in arrest of judgment was untimely, and we do not consider the issues raised in the motion. We affirm the decision of the district court denying defendant's motion to correct an illegal sentence on the ground the issue was moot.

**I. Background Facts & Proceedings**

This case has a complicated procedural history. In 1997 Douglas Kurtz was charged with (Count I) possession of methamphetamine with intent to deliver, (Count II) failure to affix a drug tax stamp, (Count III) possession of marijuana with intent to deliver, and (Count IV) keeping a dwelling for possession of controlled substances. The State alleged Counts I and III were second offenses, and for Counts I, II, and III, Kurtz was an habitual offender.

Kurtz entered into a plea agreement in which he pled guilty to possession of methamphetamine with intent to deliver, second offense, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.411 (1997), and possession of marijuana with intent to deliver, second offense, in violation of sections 124.401(1)(d) and 124.411. The State agreed to dismiss the other charges and the habitual offender enhancement. The parties agreed Kurtz would be sentenced to terms of incarceration not to exceed ten years and five years, to be served consecutively.

Kurtz entered his guilty pleas on July 14, 1997. The court advised him there was a mandatory minimum prison term of one-third of the sentence on the charge of possession of methamphetamine with intent to deliver. The court also

stated it would be bound by the plea agreement for purposes of sentencing. Kurtz waived his right to file a motion in arrest of judgment, and the case immediately proceeded to sentencing. The court entered sentence in accordance with the plea agreement, to ten years and five years, to be served consecutively. The order did not mention the mandatory minimum. Kurtz appealed but later withdrew his appeal.

On March 12, 2004, Kurtz filed a motion to correct an illegal sentence, claiming the court had failed to impose the one-third mandatory minimum sentence on his conviction for possession of methamphetamine with intent to deliver.[1] *See* Iowa Code § 124.413 (providing a defendant convicted of violating section 124.401(1)(c), as defendant was here, is required to serve a minimum period of one-third of the maximum indeterminate sentence provided by law). Kurtz asked to be resentenced. On May 3, 2004, the district court entered an order overruling the motion to correct an illegal sentence.

Kurtz filed a motion to reconsider the court's ruling. On May 27, 2004, the court entered an order stating the failure to impose a mandatory minimum sentence was a clerical error or oversight which could be corrected at any time under Iowa Rule of Criminal Procedure 2.23(3)(g). The court revised the sentencing order to provide Kurtz should serve the one-third mandatory minimum sentence.

---

[1] Kurtz had earlier filed what he termed a "motion to correct an illegal sentence," but which in fact challenged the factual basis supporting his guilty plea to possession of marijuana with intent to deliver. *See State v. Kurtz*, No. 02-1772, 2003 WL 21230894, *1 (Iowa Ct. App. May 29, 2003). We determined Kurtz had waived his right to file a motion in arrest of judgment and consequently waived his right to challenge the factual basis for his plea. *Id.*

Kurtz then filed a motion to vacate the court's ruling, alleging the court did not have the authority to correct the sentencing order as a clerical mistake under rule 2.23(3)(g). On June 11, 2004, the court vacated its ruling of May 27, 2004, and gave the parties further time to respond. In its response, the State pointed out Kurtz would be released from prison on June 18, 2004, and argued the issues he raised were moot.

On April 19, 2006, Kurtz filed a motion requesting a ruling on his previous motion to reconsider. On May 30, 2006, the court vacated Kurtz's sentence on Count I, the charge of possession of methamphetamine with intent to deliver, and determined he should be "sentenced in regard to that charge pursuant to the Plea Agreement heretofore entered into by the parties and accepted by the court." No further action was taken in the case for many years.[2]

On February 15, 2013, the district court set the matter for a resentencing hearing and appointed counsel for defendant. Kurtz filed a motion in arrest of judgment, claiming not only was his sentence, but also the plea agreement, was illegal because it did not provide for a mandatory minimum sentence. He claimed he should be allowed to withdraw his guilty plea.

A hearing was held April 23, 2013. Kurtz stated he wanted to withdraw his guilty plea. He asserted his conviction for possession of methamphetamine with intent to deliver impacted him, "[b]ecause on my current sentence they're using this case for a second or subsequent offender enhancement." Kurtz stated the

---

[2] At the resentencing hearing the prosecutor stated after Kurtz was released from prison his address was unknown, so he could not be served with notice of a hearing, and the matter languished for several years. Subsequently, however, Kurtz was incarcerated on another charge, and he raised the issue he had never been resentenced in this case.

Iowa Department of Corrections had imposed the one-third mandatory minimum, he served his entire sentence, and he was discharged in June 2004. When questioned by the court, he acknowledged he had been informed of the maximum and minimum sentences at the guilty plea proceedings in 1997.

The district court entered a ruling on May 1, 2013. The court noted the remedy for an illegal sentence was vacation of the sentence, not reversal of the underlying conviction. The court further stated:

> In any event, the challenge to the Amended Count 1 as being illegal is moot in light of the fact that the defendant's sentence has expired and the defendant has been discharged for the sentence entered for Count I and 3. Therefore, since the issue is moot, the court denies the defendant's request to be resentenced for Count 1 as well as the defendant's Motions in Arrest of Judgment.
> The court hereby vacates the May 30, 2006 trial order. The sentence imposed on July 14, 1997, although illegal, stands since this court has found the issue of the illegal sentence for Count 1 is moot. The court will not resentence the defendant for Count 1.

(Citations omitted). Kurtz now appeals the district court's order.

## II. Motion in Arrest of Judgment

Kurtz had two matters pending before the district court regarding his conviction for possession of methamphetamine with intent to deliver—his motion in arrest of judgment and his motion to correct an illegal sentence. The motion in arrest of judgment was clearly untimely because such motions must be filed not later than forty-five days after a guilty plea. *See* Iowa R. Crim. P. 2.24(3)(b). Here, Kurtz entered his guilty plea on July 14, 1997, and his motion in arrest of judgment was filed April 17, 2013, more than fifteen years later.

"A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to

assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a); *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). Because Kurtz did not file a timely motion in arrest of judgment, we do not consider his claims attacking the validity of his guilty plea.[3]

### III. Motion to Correct an Illegal Sentence

In his motion to correct an illegal sentence Kurtz claims his sentence for possession of methamphetamine with intent to deliver, second offense, was illegal. However, he no longer asks to be resentenced. He claims the plea agreement did not provide for him to serve the one-third mandatory minimum and therefore it would be contrary to the plea agreement to resentence him to serve the mandatory minimum. On the other hand, he claims failure to resentence him to serve the mandatory minimum is contrary to section 124.413, and therefore illegal. Kurtz asserts the only available remedy is to permit him to withdraw from the guilty plea.

"The court may correct an illegal sentence at any time." Iowa R. Crim. P. 2.24(5)(a). "The intended and obvious meaning of the language 'at any time' is that an illegal sentence is subject to correction regardless of whether or not it was timely appealed." *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983). We review a district court's ruling on a motion to correct an illegal sentence for

---

[3] There is an exception to the general rule of error preservation when the failure to file a motion in arrest of judgment is due to the ineffective assistance of counsel. *State v. Carter*, 582 N.W.2d 164, 165 (Iowa 1998). In this case, Kurtz has not alleged the failure to file a timely motion was due to the ineffective assistance of counsel. The record shows Kurtz was advised of his right to file a motion in arrest of judgment and he waived that right. *See State v. Loye*, 670 N.W.2d 141, 149 (Iowa 2003) (noting a court has the duty to inform a defendant of the necessity of filing a motion in arrest of judgment to challenge a guilty plea).

the correction of errors at law. *State v. Maxwell*, 743 N.W.2d 185, 190 (Iowa 2008).

A claim a sentence is illegal "includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). The purpose of the rule "is 'to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence.'" *Id.* at 871-72 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). Thus, the proper remedy for an illegal sentence is vacation of the illegal sentence and remand for resentencing. *Id.* at 866.

Even if we assume for purposes of this appeal Kurtz received an illegal sentence, the proper remedy would be to vacate the sentence imposed in 1997 and to resentence him. Because the underlying conviction is not under review in a motion to correct an illegal sentence, a party does not have the ability to seek redress for procedural defects in guilty plea proceedings. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). This also means a party does not have the ability to withdraw a guilty plea due to an illegal sentence. *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) (rejecting party's claim remedy should be vacation of sentence and withdrawal of guilty plea).

As the district court noted, however, to vacate Kurtz's sentence and resentence him would have no practical effect because Kurtz had already

discharged his sentence. The court therefore concluded the issue of whether Kurtz had received an illegal sentence was moot.

We note a court may raise the issue of mootness on its own motion. *See Albia Light & Ry. Co. v. Gold Goose Coal & Mining Co.*, 176 N.W. 722, 723 (Iowa 1920) ("It is our duty on our own motion to refrain from determining moot questions."). The discharge of a sentence usually renders a challenge to the sentence moot. *Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000). "In general an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding a challenge to the propriety of the revocation of defendant's work release was moot because he had served his sentence).

Kurtz claims his challenge to his sentence is not moot because he is suffering collateral legal consequences, citing *Sibron v. New York*, 392 U.S. 40, 57 (1968) ("[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction."). At the resentencing hearing he stated his conviction for possession of methamphetamine with intent to deliver impacted him, "[b]ecause on my current sentence they're using this case for a second or subsequent offender enhancement." The collateral legal consequences he is concerned about therefore arise from his *conviction* for possession of methamphetamine with intent to deliver, not from whether his *sentence* for that crime either did or did not contain a mandatory minimum. We have already determined Kurtz's

motion to correct an illegal sentence cannot be used to challenge his underlying conviction.  *See Bruegger*, 773 N.W.2d at 871-72.  We conclude his challenge to his sentence, which has already been discharged, is moot.

We affirm the decision of the district court denying defendant's motion to correct an illegal sentence on the ground the issue was moot.

**AFFIRMED.**