# IN THE COURT OF APPEALS OF IOWA

No. 13-0986
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BERNARD ARLO BROOKS,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Bremer County, James A. McGlynn (guilty plea) and Steven J. Oeth (sentencing), Judges.


Bernard Brooks appeals the convictions and sentences entered by the district court following his guilty pleas to conspiracy to commit first-degree robbery and extortion. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Jennifer Miller, County Attorney, and Ben Stransberry, Assistant County Attorney, for appellee.


Heard by Vaitheswaran, P.J., and Mullins and McDonald, JJ.

**VAITHESWARAN, P.J.**

Bernard Brooks pled guilty to conspiracy to commit first-degree robbery and extortion. The district court sentenced him to prison terms not exceeding ten years on the conspiracy count and five years on the extortion count, to be served consecutively. On appeal, Brooks contends Iowa Code section 706.4 (2011) requires merger of the two crimes.

Section 706.4 states: "A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense."

Brooks concedes "the 'public offense . . . committed pursuant to [the] conspiracy' (Extortion) was not the precise public offense that was charged as the object of the conspiracy (Robbery in the First Degree)." Nonetheless, he asserts merger is compelled by (1) the language of section 706.4, (2) his belief that extortion is a lesser-included offense of robbery, and (3) the likelihood that a different reading would result in a more onerous punishment for conspiracy than for the completed crime.

With respect to the language of section 706.4, Brooks hangs his hat on the first sentence and its reference to "any public offense." In his view, this language broadly permits the merger of crimes that are not identical. To the contrary, this sentence establishes a "no merger rule" that permits the State to charge a defendant with conspiracy in addition to any offense which is the object of the conspiracy. *See State v. Lies*, 566 N.W.2d 507, 509 (Iowa 1997) (observing that "even though defendant could not be convicted and sentenced for

both second-degree burglary and conspiracy to commit burglary, we find that these are separate offenses for charging purposes); 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 116, at 33 (1979) (noting the first sentence of section 706.4 "does establish a no merger rule, thus leaving the state the option to prosecute for the offense or the conspiracy in those cases where the criminal object of the conspiracy has been achieved")). It is the second sentence that creates a "merger" rule, but only if a person is convicted of a conspiracy and the substantive offense that is the object of the conspiracy. *See State v. Waterbury*, 307 N.W.2d 45, 51 (Iowa 1981) ("[T]he last sentence [] merely creat[es] a merger of the conspiracy and the substantive offense where the defendant has been found guilty of both offenses. Thus the defendant should be sentenced solely on the substantive offense."). This limitation is clear from the legislature's use of "the conspiracy" and "the public offense" in the second sentence, rather than "any public offense." *See State v. Cartee*, 577 N.W.2d 649, 653 (Iowa 1998) (concluding defendant misapplied section 706.4 in arguing that conspiracy to use a minor is an offense underlying the unrelated public offense of delivering drugs to minors); *State v. Smith*, 476 N.W.2d 86, 91 (Iowa Ct. App. 1991) (concluding section 706.4 was inapposite because defendant was convicted of "entirely different" crimes—(1) conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver cocaine and (2) possession of cocaine—and stating, "In enacting section 706.4, the legislature at least implicitly assumed that the public offense of which the defendant was convicted would be the same public offense of which the defendant had been convicted of conspiring to commit."); 16 Am. Jur. 2d

*Conspiracy* § 9, at 216 (2009) ("Merger of a conspiracy into a substantive crime cannot exist where the conspiracy is to commit an offense that is different from the separate crime charged in the second count of the indictment, requiring proof of different elements."). The language of section 706.4, therefore, does not support Brooks's contention that a conviction and sentence for a different crime than the crime that is the object of the conspiracy must be merged with the conviction and sentence for conspiracy.

We turn to Brooks's second contention: section 706.4 requires merger because "the public offense actually achieved [extortion] is a lesser-included offense of the crime contemplated by the conspiracy [first-degree robbery]." Had the legislature intended to require the merger of lesser-included offenses of the public offense with conspiracy to commit that public offense, it could have stated, "A person may not be convicted and sentenced for both the conspiracy and for any public offense." The legislature did not include these additional words and we decline to read them into the statute.

That said, a separate provision addresses merger of lesser included offenses with greater offenses. *See* Iowa Code § 701.9. This provision states:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

The provision codifies constitutional double-jeopardy provisions. *See State v. Ross,* No. 11-1133, ___ N.W.2d ___, ___ (Iowa Mar. 21, 2014); *State v. Reed*, 618 N.W.2d 327, 335 (Iowa 2000); *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995). It would require merger of a conspiracy conviction with a lesser-

included offense of conspiracy. But Brooks does not argue for merger of conspiracy with a lesser-included offense of conspiracy. He argues for merger of conspiracy with a lesser-included offense of the object of the conspiracy. Specifically, he asserts merger is required because extortion is a lesser-included offense of first-degree robbery (not conspiracy to commit first-degree robbery). *See State v. Coffin*, 504 N.W.2d 893 (Iowa 1993) (holding the district court correctly refused to instruct the jury on extortion as an alternative to second-degree robbery because there was "no dissimilar element in the greater offense."). Nothing in section 701.9 requires merger of these crimes. *See State v. Krumboltz*, No. 01-0220, 2002 WL 22057 *2 (Iowa Ct. App. Jan. 9, 2002) (accepting State's concession that merger of lesser offense was required under section 701.9 and finding section 706.4 inapplicable to two other crimes because one of the crimes "is not the offense underlying a conviction of conspiracy to" commit the other crime); *see also Waterbury*, 307 N.W.2d at 52 (stating the rationale for treating conspiracy as a separate offense is less compelling when the conspiracy has been accomplished).

This brings us to Brooks's final argument: reading section 706.4 as the State asks would result in a more onerous punishment for conspiracy than for the completed offense. At oral arguments, Brooks agreed the maximum punishment for conspiracy to commit first degree robbery and extortion, assuming consecutive sentences, does not exceed the maximum punishment for first degree robbery. *See* Iowa Code §§ 711.2, 902.12; *see also* id. §§ 706.3, 902.9(4); 711.4, 902.9(5). Accordingly, this argument is not persuasive.

We affirm Brooks's judgment and sentences.

**AFFIRMED.**