# IN THE COURT OF APPEALS OF IOWA

No. 15-0880
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN PATRICK ANTRIM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fremont County, Kathleen A.

Kilnoski, Judge.


        Jonathan Antrim appeals his convictions for aiding a gathering where

controlled substances were distributed and failure to affix a drug tax stamp.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**



        Marti D. Nerenstone, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Jonathan Antrim appeals his convictions for aiding a gathering where controlled substances were distributed and failure to affix a drug tax stamp, claiming his counsel was ineffective for failing to challenge the factual basis of his guilty pleas and waiving preparation of a presentence investigative report (PSI). We find Antrim's conviction for aiding a gathering is supported by a factual basis. However, we find Antrim's conviction for failure to affix a drug tax stamp is not supported by a factual basis and therefore vacate the sentence for that offense and remand for further proceedings. Finally, we find the record inadequate to address Antrim's ineffective-assistance claim concerning the waiver of his PSI report.

## I. BACKGROUND FACTS AND PROCEEDINGS

On December 21, 2014, Daniel Peters contacted Katherine Lynn (a confidential informant) about selling methamphetamine (meth) to Lynn. Peters told Lynn he was traveling from Omaha with another individual and they would meet Lynn at a hotel to conduct the sale. Lynn then contacted Deputy Zac Buttercase. Buttercase and Lynn went to the hotel and set up a room. Lynn received $500 in pre-recorded money for the sale. Deputies Mather and Aistrope waited in the hotel parking lot, and Buttercase provided surveillance from the room directly above Lynn's room.

Prior to arriving at the hotel, Peters went to Antrim's house with approximately an "eight-ball"[1] of meth. The two cut the meth with an agent to create more product to sell. Antrim and Peters drove to the hotel in Antrim's

---

[1] Approximately 3.5 grams of methamphetamine.

girlfriend's car. At the hotel, Lynn purchased 5.5 grams of meth in exchange for the $500 pre-recorded bills. Lynn signaled the officers the transaction was complete, and they arrested Peters and Antrim in the parking lot. The officers found the $500 on Antrim.

Buttercase interviewed Peters, who admitted to the above information. Buttercase then interviewed Antrim, who denied any knowledge of what happened. He claimed Peters had given him the $500 to repay a debt and he did not know it was obtained from the sale of meth.

On December 30, Antrim was charged with conspiracy to manufacture, distribute, or possess with intent to distribute more than five grams of meth, in violation of Iowa Code section 124.401(1)(b)(7) (2013). He reached a plea agreement with the State and pled guilty to the amended charges of aiding a drug gathering, in violation of Iowa Code section 124.407, and failure to affix a drug tax stamp, in violation of Iowa Code sections 453B.1 and 453B.12. The court sentenced Antrim to consecutive terms of incarceration not to exceed five years and ordered one sentence suspended, resulting in a two-year term of probation following release from parole. Antrim now appeals.

## II. ERROR PRESERVATION

Antrim did not challenge the adequacy of the guilty plea proceeding by filing a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Therefore Antrim has failed to preserve error on his claims stemming from the guilty plea proceeding. *See State v. Ortiz*, 789 N.W.2d

761, 764 (Iowa 2010). However, Antrim also argues his trial counsel was ineffective for failing to challenge the factual basis of the guilty pleas. Therefore, we limit our review to Antrim's ineffective-assistance claims because such claims are exempt from our error preservation rules. *See id.*

## III. STANDARD OF REVIEW

We review ineffective assistance of counsel claims de novo. *Id.*

## IV. MERITS

Antrim claims his trial counsel was ineffective for failing to challenge the factual basis for his guilty plea and for waiving the PSI report.

> To prove ineffective assistance, [Antrim] must demonstrate by a preponderance of evidence that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. [*State v.*] *Philo*, 697 N.W.2d [481,] 485 [(Iowa 2005)]; Iowa R. Crim. P. 2.8(2)(b). Prejudice is presumed under these circumstances. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

*Id.* To satisfy the essential duty prong, Antrim must demonstrate the record lacks a factual basis to support his guilty plea for aiding a gathering where controlled substances were distributed and failure to affix a drug tax stamp. A factual basis for a guilty plea may be found from: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence. *Ortiz*, 789 N.W.2d at 768 (Iowa 2010). "This record, as a whole, must disclose facts to satisfy the elements of the crime." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

### A.     Aiding a Gathering

Iowa Code section 124.407 provides: "It is unlawful for any person to sponsor, promote, or aid, or assist in the sponsoring or promoting of a meeting, gathering, or assemblage with the knowledge or intent that a controlled substance be there distributed, used or possessed, in violation of this chapter." "The key elements of this crime as applied to [Antrim] are (1) [Antrim] sponsored, promoted or aided (2) a meeting, gathering, or assemblage (3) with the knowledge or intent that a controlled substance be there distributed, used or possessed." *State v. Carter*, 582 N.W.2d 164, 166 (Iowa 1998).

"In ordinary usage, the statute's operative terms connote active participation. 'Promote' means to move forward or further an enterprise. 'Sponsor' commonly means to assume responsibility for." *State v. Cartee*, 577 N.W.2d 649, 653 (Iowa 1998) (citations omitted). Antrim helped "cut" the meth, then used his girlfriend's car to drive to the hotel with Peters. The two met with Lynn in the hotel room. Antrim's actions support a factual basis for the first element.

"[S]ection 124.407 is not limited to gatherings which are advertised or otherwise publicly promoted; the statute applies equally to small, private gatherings that otherwise meet the terms of the statute." *Carter*, 582 N.W.2d at 167. Antrim, Peters, and Lynn met in the hotel room. Because this meeting fits the definition of a "small, private gathering," we find this evidence sufficient to support the second element. *Id.*

The third element, intent, is supported by Antrim's actions that night—cutting the meth, providing transportation to the hotel, and accompanying Peters. Further, the circumstances surrounding his arrest—finding $500 on his person that was received after the meth was sold and being arrested directly outside the hotel where the transaction occurred—demonstrate a factual basis existed to support Antrim's intent. Intent is seldom susceptible to proof by direct evidence. *State v. Sinclair*, 622 N.W.2d 722, 780 (Iowa Ct. App. 2000). Proving intent usually depends on circumstantial evidence and the inferences a fact-finder may draw from the evidence. *Id.* "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *Schminkey*, 597 N.W.2d at 789.

Upon our de novo review, we find Antrim has been unable to show the record lacks a sufficient factual basis for his aiding-a-gathering charge. Therefore, we find his counsel did not provide ineffective assistance for failing to file a motion in arrest of judgment to challenge that portion of his guilty plea.

### B.      Drug Tax Stamp

This charge requires the State to prove Antrim was "a dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia . . . ." Iowa Code § 453B.12.

> "Dealer" means any person who ships, transports, or imports into this state or acquires, purchases, possesses, manufactures, or produces in this state any of the following: (1) *Seven or more grams* of a taxable substance other than marijuana, but including a taxable substance that is a mixture of marijuana and other taxable substances.

*Id.* § 453B.1(3)(a) (emphasis added). The record shows the meth recovered by Deputy Buttercase weighed approximately 5.5 grams—short of the seven gram requirement—and thus insufficient to form a factual basis for that conviction.

Upon our de novo review, it is apparent there is a lack of factual basis for the conviction for failure to affix a tax stamp. We find Antrim's trial counsel was ineffective. We vacate this part of the plea agreement and remand to the district court to allow the State to demonstrate whether a factual basis exists. *See Schminkey*, 597 N.W.2d at 792 ("Where . . . it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis."). The State may supplement the record to establish a factual basis for the crime of failure to affix a drug tax stamp.

### C. PSI Report

Antrim also claims his trial counsel was ineffective for waiving preparation of the PSI report. We find the record inadequate to address this claim on direct appeal and preserve it for any postconviction-relief proceedings. *See Straw*, 709 N.W.2d at 133 ("If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings . . . . Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal.").

### V. CONCLUSION

We find a factual basis exists for Antrim's guilty plea for aiding a gathering, and we affirm the sentence entered for that offense. We find a factual basis does

not exist for Antrim's guilty plea for failure to affix a drug tax stamp, and we vacate the sentence entered for that offense. We remand that charge to allow the State an opportunity to show a factual basis exists for that offense. Due to an inadequate record, we decline to address Antrim's ineffective-assistance claim concerning his trial counsel's waiver of the PSI report.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**