# IN THE COURT OF APPEALS OF IOWA

No. 13-1637
Filed October 15, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**HOLLY ANN JOHNSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

A defendant appeals from her judgment and sentence for child endangerment resulting in bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Michael J. Walton, County Attorney, and Melisa Zaehringer, Assistant County Attorney, for appellee.

Heard by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

We must determine whether a plea to child endangerment resulting in bodily injury was supported by a factual basis.

**I.** *Background Facts and Proceedings*

An eight-year-old child with developmental delays was removed from the home of her mother, Holly Johnson. The State charged Johnson with one count of child endangerment involving multiple acts within a twelve month period. The State later amended the trial information to add three additional counts, two charging child endangerment resulting in serious injury, and one charging child endangerment resulting in bodily injury. Johnson entered *Alford*[1] pleas to the last three counts in exchange for dismissal of the first count, which carried a heavier sentence. At the plea proceeding, her attorney summarized the evidence the State could proffer on all four counts, which included severe instances of abuse and neglect. He agreed with the prosecutor and the district court that the recounted evidence would apply to the dismissed count as well as the remaining three counts. He articulated the "bodily injury" component of the final count as follows:

> In addition, there would be evidence about dental problems: that the child did not receive adequate dental care; that she had severe plaque. I think she had to have multiple fillings and experienced tooth pain along the way, which would establish a bodily injury caused by neglect to provide adequate medical care.

---

[1] See *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

*See* Iowa Code § 726.6(6) (2011) (classifying as Class "D" felony child endangerment resulting in bodily injury).[2]

After the district court accepted the pleas, Johnson had a change of heart. She filed a motion in arrest of judgment asserting "the factual basis claimed for the 'bodily injury' supporting Count 4, Child Endangerment Resulting in Bodily Injury in violation of Iowa Code § 726.6(6) was insufficient as a matter of law." She specifically asserted, "[t]here is no allegation that [the child] suffered any physical pain or impairment due to the poor condition of her teeth, merely sensitivity." The court denied the motion, stating "tooth sensitivity can be found to equal tooth pain and therefore equal physical pain."

Johnson was sentenced to three consecutive prison terms, two not exceeding five years each and one term not to exceed ten years. On appeal, she only challenges the factual basis supporting the final count, child endangerment resulting in bodily injury.

---

[2] Although not raised, this case bears passing resemblance to *State v. Neiderbach*, 837 N.W.2d 180, 192-93 (Iowa 2013), recently decided by the Iowa Supreme Court. There, the court addressed the charging of multiple counts of child endangerment. The court found several of the counts were lesser included offenses of the child endangerment count charged under Iowa Code section 726.6A and held the district court should have dismissed those counts. In dicta, the court noted "the primary risk of prejudice arising from a multiplicitous indictment is that a defendant could receive multiple sentences for a single offense." *Neiderbach*, 837 N.W.2d at 194. In this case, the original trial information simply charged one count of child endangerment under section 726.6A. Multiple counts were added in an amended trial information but the original count was dismissed. Accordingly, *Neiderbach's* holding is not implicated. As for Johnson's sentence, the three counts of child endangerment were tied to separate injuries. *See State v. Watson*, No. 01-0139, 2002 WL 1427560 at *7-8 (Iowa Ct. App. Jul. 3, 2002) (affirming findings of guilt on "five acts of child endangerment, consisting of five separate and distinct bone breaks occurring at approximately four separate times."), *aff'd State v. Watson*, 659 N.W.2d 526 (Iowa 2003).

## II.     Analysis

A district court may not accept an *Alford* plea without first finding a factual basis for the plea. Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). The record as a whole must disclose facts to satisfy the elements of the crime but the facts need not go so far as to establish a defendant's guilt. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (citations omitted).

The State and defense agreed the pertinent child endangerment provision to which Johnson entered an *Alford* plea was Iowa Code section 726.6(1)(d) (2013), which criminalizes a parent's "willful[]" deprivation "of necessary . . . health care . . . when the person is reasonably able to make the necessary provisions," where the "deprivation substantially harms the child or minor's physical, mental, or emotional health." As noted, Johnson's motion in arrest of judgment challenged the "bodily injury" component of the crime set forth in a separate provision, Iowa Code section 726.6(6). On appeal, Johnson abandons this challenge and instead focuses on the factual basis supporting the willfulness element quoted above.[3] She contends "[t]here is no hint in the record that Johnson was aware of dental problems or emergencies that would necessitate a trip to the dentist."

A parent's awareness of a specific medical condition is not a predicate to a finding of willfulness. *See State v. Akright*, 506 N.W.2d 465, 469 (Iowa Ct.

---

[3] Johnson's brief also raised a challenge to the factual basis supporting the "substantial harm" element but, at oral argument, Johnson's appellate attorney stated she was not pursuing this challenge. She also conceded dental care constituted "health care" within the meaning of section 726.6(1)(d).

App. 1993) (citing but not relying on child's medical conditions). In *Akright*, a mother claimed her limited intellectual abilities, rather than any intentional act, prevented her from adequately caring for her child, who ultimately died. 506 N.W.2d at 469. This court rejected the assertion, finding the mother surmounted intellectual difficulties and adequately cared for the child during the first five years of the child's life. *Id.* Later, her caretaking deteriorated, with the evidence establishing the child "was not fed, not cleaned, not exercised, and not cared for over an extended period of time." *Id.* This evidence, the court said, was sufficient to prove a predicate child-endangerment. *Id.*

As in *Akright*, Johnson initially ministered to the child's needs in an appropriate fashion. In time, Johnson allowed her home to become squalid and scheduled and cancelled several physician's appointments. While none of the appointments were with a dentist, a fact Johnson highlights, the minutes of testimony revealed that Johnson's child "was not being fed appropriately," "was locked in her room by the defendant for hours on end," and was "the victim of physical abuse" and "severe emotional abuse." Additionally, a physician would state the child "had extensive tooth decay so severe that dental staff will have to [ex]tract some teeth and perform other procedures to correct this decay." We conclude the minutes of testimony set forth an adequate factual basis for the willfulness element of child endangerment resulting in bodily injury. *See Keene*, 630 N.W.2d at 582 (relying on descriptions in the minutes of testimony to satisfy an element of the crime).

We affirm Johnson's judgment and sentence for child endangerment resulting in bodily injury.

**AFFIRMED.**