# IN THE COURT OF APPEALS OF IOWA

No. 13-1480
Filed October 29, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICOLE LEE HOPWOOD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Paul R. Huscher,

Judge.

Nicole Hopwood appeals her judgment and sentence for assault on a

health care provider. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye and Dennis

D. Hendrickson, Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, and Wayne M. Reisetter, County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

Nicole Hopwood appeals, challenging the factual basis for her guilty plea to the charge of assault on a health care provider. We affirm.

### I. Background Facts and Proceedings.

According to police reports, Hopwood was involved in a domestic dispute and appeared at the police station with a severe laceration on her hand. She was belligerent and behaving bizarrely when officers decided to arrest her. An ambulance crew arrived to tend to her bleeding hand. She continued to be uncooperative after being handcuffed and was "getting in [the EMT's] face." As she was walking to the waiting ambulance, she turned to the EMT and said, "Here, have some of my blood on you," flipping her fingers toward the EMT and spraying blood on his face.

The State charged Hopwood by trial information with one count of assault on a police officer and one count of assault on a health care provider, in violation of Iowa Code sections 708.1 and .3A (2013), serious misdemeanors. Pursuant to a plea agreement, Hopwood entered a plea of guilty to the assault-on-a-health-care-provider offense, and the State dismissed the assault-on-a-police-officer charge.

Hopwood now appeals. She contends her counsel was ineffective in permitting her to plead guilty to an offense lacking a factual basis in the record.

### II. Error Preservation and Standard of Review.

Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction. Iowa R. Crim. P. 2.24(3)(a). But this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of

judgment resulted from ineffective assistance of counsel. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We therefore proceed to the merits of Hopwood's ineffective-assistance-of-counsel claim, which we review de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

### III. Discussion.

To prevail on her claim of ineffective assistance of counsel, Hopwood must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010). Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, if the record is adequate to permit a ruling, we may consider these claims on direct appeal. *Finney*, 834 N.W.2d at 49. Neither party suggests we preserve Hopwood's ineffective-assistance claim for a postconviction proceeding, and we find the record adequate to address the claim on direct appeal.

It is axiomatic that a trial court may not accept a guilty plea without first determining that the plea has a factual basis, and that factual basis must be disclosed in the record. *See id.* at 61-62; *see also* Iowa R. Crim. P. 2.8(2)(b). If there is no factual basis to support a defendant's guilty plea and the defendant's counsel permits the defendant "to plead guilty and waive his right to file a motion in arrest of judgment" anyway, that counselor renders the defendant ineffective assistance. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) ("[C]ounsel violates an essential duty," and "[p]rejudice is presumed under these circumstances."). Accordingly, in this case, if a factual basis existed in the record to support Hopwood's guilty plea, her counsel was not ineffective for allowing her

to plead guilty and for not filing a motion in arrest of judgment; if a factual basis does not exist, counsel was ineffective. *See id.*

Hopwood's written guilty plea contains the following factual basis:

On May 15th 2013 I assaulted a health care provider and intentionally flipped blood at EMT [without] permission or authority.

The offense of assault includes the following alternatives:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa Code §§ 708.1(1), (2). Hopwood agrees her plea shows a factual basis she intentionally flipped blood at an EMT and that an EMT is a health care provider, but she argues "the written factual basis does not indicate that Hopwood intended to cause pain or injury or to be insulting or offense or to place the EMT in fear of immediate physical contact." Furthermore, Hopwood asserts there is nothing in the record indicating the district court looked beyond the written guilty plea to establish a factual basis.

Our review is not limited to just Hopwood's written guilty plea, for we determine whether a factual basis existed by considering "the entire record before the district court" at the guilty plea hearing. *Finney*, 834 N.W.2d at 62. To determine whether a factual basis exists, we may examine statements made by the defendant and prosecutor at the guilty plea hearing, the minutes of testimony, and the presentence investigation. *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). "Our cases do not require that the district court have before it evidence

that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62; *see also Ortiz*, 789 N.W.2d at 768; *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (finding district court need not extract a confession from the defendant; it need only be satisfied the facts support the crimes, not necessarily the defendant's guilt).

Here we have a plea by paper, and there are no statements by the defendant or prosecutor to examine, nor is there a presentence investigation report to examine. So, we look to the minutes of testimony for the factual basis.[1] Attached to the minutes of testimony was a written incident narrative given by one of the officers, stating, in pertinent parts:

> On 5-15-13 at 0257 [hours,] Perry dispatch advised [another officer] and I that there was a domestic situation at [a location]. [Dispatch] further explained that the female half was in [the Department's] lobby with a severe laceration on her hand and the male half had called in from the residence. . . .
> When I got to the office, I came in the lobby and saw a . . . female whom I did not know, with a severe laceration to one of her fingers on her right hand . . . .
>      . . . .
> A short time later, the ambulance crew arrives and is trying to render aid to [Hopwood]. She does tell them that she wants to go to the hospital, but is just as unruly with them as she has been with me. At this point [the EMT] exits the room and gets me, telling me that she is being difficult with him and getting in his face. I returned to the interview room and place her under arrest and handcuff her hands behind her back.
> I then escort [Hopwood] out of the interview room and toward the front door. [The EMT] was holding the front door open for us as we walk out. [Hopwood] turned to the side and states something to the effect of, "Here, have some of my blood on you"

---

[1] We note the "Waiver of Rights and Plea of Guilty for a Serious Misdemeanor" form signed by Hopwood states, in part: "The court, in determining whether there is a factual basis for this plea of guilty, may make such a determination by examining the minutes of testimony attached to the trial information, by reviewing the investigative reports of law enforcement agents who have investigated the offense . . . ."

as she flips her fingers toward [the EMT]. This sprayed [the EMT] with blood on his face.

Hopwood's intentionally flinging her blood on the EMT's face easily satisfies the element of insulting or offensive conduct. We believe the description of the incident provides sufficient factual basis for Hopwood's plea of guilty to assault on a health care provider. Therefore, Hopwood's counsel did not render ineffective assistance by allowing her to plead guilty to the offense. Consequently, we affirm Hopwood's judgment and sentence for assault on a health care provider.

**AFFIRMED.**