STATE of Iowa, Appellee,

v.

Justin Auman KEENE, Appellant.

No. 00–0642.

Supreme Court of Iowa.

July 5, 2001.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, Fred H. McCaw, County Attorney, and Christine Corken, Assistant County Attorney, for appellee.

CADY, Justice.

In this appeal we must decide whether the district court is required in accepting a plea of guilty to the crime of dissemination of obscene material to minors to make an independent review of the material claimed to be obscene. We conclude the district court is not required to make an independent review. We affirm the judgment and sentence of the district court.

## I. Background Facts and Proceedings.

Justin Keene was charged by trial information with the crimes of solicitation, dissemination of obscene material to minors, and supplying alcohol to persons under the legal age. He subsequently agreed to plead guilty to one count of dissemination of obscene material to minors in violation of Iowa Code section 728.2 (1997), and the State agreed to dismiss the remaining charges.

Keene appeared before the district court to enter his plea of guilty. The district court determined the existence of a factual basis for the guilty plea after considering the minutes of testimony and statements made by Keene during the guilty plea colloquy. The minutes of testimony contained statements from five boys who said Keene showed them a pornographic video in his apartment. Each of the five minors described the contents of the video by indicating they observed "boys and girls having sex with each other" and "girls having sex with girls." The witnesses also indicated the video depicted both vaginal intercourse and oral sex. The witnesses referred to the video as a "porn" movie and called the contents of the video "dirty." They also stated Keene referred to the movie as pornography. The minutes of testimony also indicated Keene admitted to two police officers that he showed a pornographic video to the minors. At no time during the guilty plea proceeding, however, did the district court view the videotape.

The district court specifically questioned Keene concerning the factual basis for the guilty plea. In response, Keene acknowledged that he had read the minutes of testimony and that the State could prove beyond a reasonable doubt at trial the elements of the charge of dissemination of obscene material to minors. The district court accepted the plea of guilty and informed Keene of his right to challenge the guilty plea through a motion in arrest of judgment.

Keene was subsequently sentenced. He received a suspended term of incarceration and was placed on probation.[1]

---

1. The district court meticulously questioned Keene during the plea colloquy to establish that his plea was entered voluntarily and intelligently. *See* Iowa R.Crim. P. 8(2)(d); *Brainard v. State,* 222 N.W.2d 711, 723 (Iowa 1974). We limit our discussion of the facts to the factual basis for the plea because the issue on appeal is similarly limited.

Keene appeals. He argues that no factual basis existed to support the guilty plea to dissemination of obscene material to minors because the district court failed to independently review the video to determine if it did in fact contain obscene material. He claims his trial counsel was ineffective for permitting him to plead guilty under the circumstances.

## II. Scope of Review.

■ Generally, we review challenges to guilty pleas for the correction of errors at law. Iowa R.App. P. 4. However, because Keene claims his trial counsel was ineffective for permitting him to plead guilty to a charge not supported by a factual basis, our review is de novo. *State v. Campbell,* 589 N.W.2d 705, 706 (Iowa 1999).

## III. Preservation of Error.

■ Under Iowa Rule of Criminal Procedure 23(3)(a), a defendant may not challenge a guilty plea on appeal unless he filed a motion in arrest of judgment prior to sentencing. *State v. Gant,* 597 N.W.2d 501, 503 (Iowa 1999). Although the district court informed Keene at the guilty plea proceeding of the requirement of filing a motion in arrest of judgment to preserve error, *see* Iowa R.Crim. P. 8(2)(d), Keene never filed such a motion. *See Gant,* 597 N.W.2d at 504; *State v. Birch,* 306 N.W.2d 781, 783 (Iowa 1981). However, Keene argues his trial counsel was ineffective for permitting him to plead guilty and for failing to file a motion in arrest of judgment. This is an exception to our error preservation requirement. *Gant,* 597 N.W.2d at 504; *see State v. Carter,* 582 N.W.2d 164, 165 (Iowa 1998).

## IV. Factual Basis.

■ It is axiomatic that a trial court "may not accept a guilty plea without first determining that the plea has a factual basis." *State v. Schminkey,* 597 N.W.2d 785, 788 (Iowa 1999); *see* Iowa R.Crim. P. 8(2)(b); *Brainard v. State,* 222 N.W.2d 711, 723 (Iowa 1974). Moreover, the factual basis must be disclosed by the record. *State v. Johnson,* 234 N.W.2d 878, 879 (Iowa 1975). If a defendant enters a plea of guilty to a crime and the record fails to disclose a factual basis, defense counsel fails to provide effective assistance. *Schminkey,* 597 N.W.2d at 788. Additionally, prejudice is inherent under the circumstances. *Id.*

■ The record to support a factual basis for a guilty plea includes the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report. *Id.* This record, as a whole, must disclose facts to satisfy the elements of the crime. *See State v. Marsan,* 221 N.W.2d 278, 280 (Iowa 1974). However, the trial court is not required to extract a confession from the defendant. *Id.* Instead, it must only be satisfied that the facts support the crime, "not necessarily that the defendant is guilty." 1A Charles Alan Wright, *Federal Practice and Procedure* § 174, at 199 (1999).

Iowa Code section 728.2 makes it a crime for any person to knowingly disseminate or exhibit obscene material to a minor. Iowa Code § 728.2. Section 728.1(5) defines obscene material as:

> *any material depicting* or describing the genitals, *sex acts,* . . . which the average person, taking the material as a whole and applying contemporary community standards with respect to what is suitable material for minors, would find appeals to the prurient interest and is patently offensive; and the material, taken as a whole, lacks serious literary, scientific, political or artistic value.

Iowa Code § 728.1(5) (emphasis added). A sex act is "any sexual contact, actual or simulated ... between two or more persons ... by penetration of the penis into the vagina ..., or by contact between the mouth or tongue and genitalia...." *Id.* § 728.1(9).

Keene claims a factual basis for the obscenity element of the crime was not established because the videotape was not made part of the record and the trial court did not independently review the tape to determine if it fell within the definition of obscene material. Keene relies on *Clicque v. United States*, 514 F.2d 923 (5th Cir. 1975), which held that the trial court was required to review the material on which a guilty plea was based before accepting the plea. *Clicque*, 514 F.2d at 927.

In *Clicque*, the defendant pled guilty to mailing an obscene letter. *Id.* at 924. The letter was not reproduced in the indictment and the record only characterized the contents of the letter as "obscene, lewd, lascivious, indecent, filthy and vile." *Id.* The court did not question the defendant about the specific contents of the letter when the defendant entered his plea of guilty. *See id.* at 925.

The defendant later challenged the conviction as violative of his First Amendment rights because the trial court that accepted the plea could not have made a determination that the letter constituted obscene material. *Id.* The Fifth Circuit Court of Appeals concluded that an obscenity conviction obtained by a plea of guilty must be supported by an independent factual assessment of the material by the court to enable the court to determine that the material was not constitutionally protected. *Id.* at 927. The court imposed this requirement based on the inherent uncertainty between obscene and constitutionally protected material and the court's duty to vigilantly uphold constitutional guarantees. *Id.* at 926.

■■ We decline to follow the holding in *Clicque*. It assumes the factual basis to support a determination that certain material is obscene can only be made by personal observation. Clearly, personal observation is one method to make such a determination, but not the exclusive method. We believe the essential component is that the district court be provided a description which is sufficient to allow it to make a determination that the material is obscene. Obscene material can be described in words, just as it can be observed. Thus, we turn to the record to determine if it is sufficient to support a factual basis for the obscenity element of the crime.

The minutes of testimony in this case included the testimony of the five minors who detailed sex acts depicted in the video. The videotape was described as depicting boys and girls engaged in sexual intercourse as well as girls engaged in sexual acts with other girls. The minors described the sex acts as vaginal intercourse and oral sex. One minor specifically described the video as showing male genitalia penetrating a woman. We find the descriptions of the video provided in the minutes of testimony are sufficient to satisfy the definition of obscene material.

We conclude a factual basis existed to support Keene's plea of guilty. *See State v. Randall*, 258 N.W.2d 359, 362 (Iowa 1977); *State v. Greene*, 226 N.W.2d 829, 831 (Iowa 1975); *State v. Hightower*, 587 N.W.2d 611, 614 (Iowa Ct.App.1998). Moreover, it was unnecessary for the court to independently view the material claimed to be obscene prior to accepting the plea of guilty when the record otherwise contained a sufficient description of the material. Accordingly, Keene's counsel was not ineffective for permitting Keene to plead

guilty. *Gant,* 597 N.W.2d at 505; *Carter,* 582 N.W.2d at 165; *State v. Brooks,* 555 N.W.2d 446, 448 (Iowa 1996). Furthermore, counsel did not breach a duty owed to Keene by not filing a motion in arrest of judgment to challenge the guilty plea. *Carter,* 582 N.W.2d at 166; *Brooks,* 555 N.W.2d at 448. Keene's ineffective assistance claim is without merit.

## V. Conclusion.

We conclude a factual basis existed to support Keene's plea of guilty to the charge of dissemination of obscene material to minors under Iowa Code section 728.2. Trial counsel was not ineffective for permitting Keene to plead guilty and for not filing a motion in arrest of judgment.

**AFFIRMED.**