Delia Judith Hernandez Duque appeals her conviction resulting from her written guilty plea to theft in the third degree in violation of Iowa Code sections 714.1(1) and 714.2(3) (2007). Hernandez contends her counsel and the court erred by proceeding to judgment and sentence without a Spanish language interpreter or a certification from an interpreter on the guilty plea form to ensure that she knowingly and voluntarily pled guilty. We conclude the record is inadequate to decide Hernandez's ineffective assistance of counsel claim. Therefore, we affirm her conviction and sentence, and preserve the claim for possible postconviction relief proceedings.
I. Background Facts and Proceedings
According to the minutes of testimony, on November 18, 2008, Hernandez and Ingrid Palencia were stopped by a loss prevention officer at a Sears store in Dubuque for shoplifting. After the police were called, an investigation revealed that Hernandez and Palencia had taken merchandise without paying from Sears and two other stores totaling $689.19. At the scene, Hernandez was questioned by the police. One officer "assisted other officers in the translating of the interview." During this exchange, Hernandez admitted to taking the property without paying for it, but stated that Palencia had talked her into it.
The State charged Hernandez by trial information with third-degree theft. On January 22, 2009, Hernandez entered a written plea of guilty and a waiver allowing the district court to proceed immediately to sentencing without her presence. The district court accepted the guilty plea and sentenced her to thirty days in jail (all suspended), a surcharge, court costs, and restitution. Hernandez appeals.
II. Standard of Review
We review claims of ineffective assistance of counsel de novo.State v. Bearse, 748 N.W.2d 211, 214 (Iowa 2008). Ordinarily, we preserve ineffective assistance of counsel claims for postconviction relief proceedings. Id. We will only address these claims on direct appeal if we determine the development of an additional factual record would not be helpful and the elements for ineffective assistance of counsel can be decided as a matter of law. State v. Carroll,767 N.W.2d 638, 641 (Iowa 2009).
III. Discussion
Hernandez challenges her written guilty plea. She alleges the record contains no evidence that the guilty plea form "was properly translated to her, that she understood the rights she was giving up, or what she was pleading guilty to." Hernandez argues that the minutes of testimony, which mention that an interpreter "assisted . . . in the translating of the interview" after she was apprehended, should have alerted the court and her counsel to the need for an interpreter. As Hernandez notes, Iowa Code section 622A.2 provides that "[e]very person who cannot speak or understand the English language and who is a party to any legal proceeding . . ., shall be entitled to an interpreter to assist such person throughout the proceeding." In addition, Iowa Court Rule 47.2 states that "[w]henever the court learns the services of an interpreter are reasonably necessary to ensure complete and accurate communication with a . . . party, . . . [t]he court shall enter an order appointing [an] interpreter. . . ." Because Hernandez did not file a motion in arrest of judgment, her present claim is couched as an ineffective assistance of counsel claim.[1]
The record on direct appeal is simply not adequate to address this claim. There is no evidence pertaining to Hernandez's ability to read, use, or understand the English language. In addition, there is no evidence of the extent to which Hernandez was able to communicate with her attorney, including whether he was fluent in Spanish or whether they had to communicate through a translator. There is also no evidence of the extent to which Hernandez was able to review and understand the guilty plea before agreeing to it. For these reasons, we will not address the issue on direct appeal, but will preserve it for possible postconviction relief proceedings.
AFFIRMED.
[1] Iowa Rule of Criminal Procedure 2.24(3)(a) states "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Nonetheless, a counsel's failure to file a motion in arrest of judgment can result in ineffective assistance of counsel and is an exception to the error preservation requirement. State v.Keene, 630 N.W.2d 579, 581 (Iowa 2001). *Page 129