# IN THE COURT OF APPEALS OF IOWA

No. 14-0128
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES EDWARD WINESBERRY,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom (plea)

and Rebecca Goodgame Ebinger (sentencing), Judges.


        James Edward Winesberry appeals following his pleas of guilty.
**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch and

Dennis D. Hendrickson, Assistant Appellate Defenders, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, John P. Sarcone, County Attorney, and Mark Taylor, Assistant County

Attorney, for appellee.


        Considered by Danilson, C.J., Vogel, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DANILSON, C.J.**

James Winesberry appeals following his pleas of guilty to four charges: possession of controlled substance (BZP) with intent to deliver as a second or subsequent offender, possession of controlled substance (marijuana) with intent to deliver, failure to affix a tax stamp (marijuana), and felon in possession of a firearm. He contends trial counsel was ineffective in failing to challenge the factual bases for his pleas of guilty in relation to the drug charges because the record does not contain any pharmacological report identifying any controlled substance.

We review ineffective assistance of counsel claims de novo. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove a denial of effective assistance of counsel, a defendant must prove both that counsel failed to perform an essential duty and prejudice resulted. *Id.*

"Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Under such circumstances, the prejudice prong is presumed to be satisfied. *Id.* Consequently, Winesberry must demonstrate the record lacks a factual basis to support his guilty pleas. *See id.* If there is a factual basis for the plea, then the ineffective-assistance claim "must fail because 'counsel has no duty to raise an issue that lacks merit.'" *Rodriguez*, 804 N.W.2d at 849 (citation omitted).

Having reviewed the entire record, we conclude Winesberry has failed to demonstrate his pleas lack factual bases. *See State v. Finney*, 834 N.W.2d 46,

62 (Iowa 2013) (noting the teaching of *Ortiz* and *Rodriguez* is that the "entire record before the district court may be examined"); *Rodriguez*, 804 N.W.2d at 849 ("The standard for a sufficient factual basis is only that the facts support the crime, not necessarily that the defendant is guilty." (citation and internal quotation marks omitted)); *Ortiz*, 789 N.W.2d at 768 ("A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence."). Winesberry tendered *Alford* pleas to the charges.[1] During the plea proceedings, Winesberry acknowledged that the minutes of testimony, as revised, were sufficient for a jury to find him guilty for all of the offenses to which he pled guilty. Moreover, at the outset of the plea proceedings the prosecutor announced that a lab report had been received that the controlled substance referred to in Count I, previously identified as MDMA, was instead the controlled substance, BZP. The State asked that Count I be amended accordingly and no objection was raised. The court proceeded on the basis of the amendment as did the parties. The minutes of testimony also explain that officers with extensive experience would identify another substance as marijuana. The court must only be satisfied that the facts support the crime not that there is proof beyond a reasonable doubt of the defendant's guilt. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

Because counsel had no duty to raise an issue without merit, Winesberry's ineffectiveness claim fails. We affirm his convictions.

**AFFIRMED.**

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting to participating in the crime. *North Carolina v. Alford,* 400 U.S. 25, 37 (1970).