**IN THE COURT OF APPEALS OF IOWA**

No. 13-1819
Filed December 10, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOY RENAE MARTIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt,

District Associate Judge.


        Joy Martin appeals her judgment and sentence for burglary of an

unoccupied motor vehicle.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, John Sarcone, County Attorney, and Thomas De Sio, Assistant County

Attorney, for appellee.



        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

Joy Martin appeals, challenging the factual basis for her guilty plea to the charge of burglary of an unoccupied motor vehicle. We affirm.

## I.    *Background Facts and Proceedings*

According to a police report, as a Drake University security guard approached the parking lot of the security office, she noticed Joy Martin in a Jeep that belonged to a fellow security guard. The guard asked Martin what she was doing in the vehicle. Martin did not answer but took off walking in an alley. The guard stopped Martin and called police. When police arrived, Martin was angry and "saying rude things to everybody." She stated she was in the vehicle because she was homeless and looking for food or money. The guard who owned the Jeep did not believe anything had been taken from the vehicle. He also stated he did not know Martin. Martin was arrested and transported to the Polk County Jail.

The State charged Martin by trial information with one count of burglary of an unoccupied motor vehicle, in violation of Iowa Code section 713.6A(2) (2013), an aggravated misdemeanor. Martin filed a written *Alford* plea of guilty[1] to this charge. The district court accepted the plea after a hearing, sentenced Martin to two years of incarceration, suspended the sentence, and placed Martin on probation for two years.

Martin now appeals. She contends her counsel was ineffective in permitting her to plead guilty to an offense lacking a factual basis in the record.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (upholding a variation of a guilty plea in which a defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence).

## II. Error Preservation and Standard of Review

Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of the conviction. Iowa R. Crim. P. 2.24(3)(a). But this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We therefore proceed to the merits of Martin's ineffective-assistance-of-counsel claim, which we review de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

## III. Discussion

To prevail on her claim of ineffective assistance of counsel, Martin must show counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010). Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, if the record is adequate to permit a ruling, we may consider these claims on direct appeal. *Finney*, 834 N.W.2d at 49. Neither party suggests we preserve Martin's ineffective-assistance claim for a postconviction proceeding, and we find the record adequate to address the claim on direct appeal.

It is axiomatic that a trial court may not accept a guilty plea without first determining the plea has a factual basis, and that factual basis must be disclosed in the record. *See id.* at 61-62; *see also* Iowa R. Crim. P. 2.8(2)(b). If there is no factual basis to support a defendant's guilty plea and the defendant's counsel permits the defendant "to plead guilty and waive his right to file a motion in arrest of judgment" anyway, that counselor renders the defendant ineffective assistance. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) (holding

that under those circumstances, "counsel violates an essential duty" and "[p]rejudice is presumed"). Accordingly, in this case, if a factual basis existed in the record to support Martin's guilty plea, her counsel was not ineffective for allowing her to plead guilty and for not filing a motion in arrest of judgment; if a factual basis does not exist, counsel was ineffective. *See id.*

We determine whether a factual basis existed by considering "the entire record before the district court" at the guilty plea hearing. *Finney*, 834 N.W.2d at 62. To determine whether a factual basis exists, we may examine statements made by the defendant and prosecutor at the guilty plea hearing, the minutes of testimony, and the presentence investigation. *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62; *see also Ortiz*, 789 N.W.2d at 768; *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (finding district court need not extract a confession from the defendant; it need only be satisfied the facts support the crimes, not necessarily the defendant's guilt).

Martin seizes upon the police officer's case investigation report which identifies the crime as an "attempted" burglary. He then asks: "[W]as Martin actually inside an occupied[2] structure, *i.e.*, having entered? Was she looking in the occupied structure, *i.e.*, about to or attempting to enter? Had she merely opened the passenger door?" The police officer's characterization of the crime does not cast doubt on the factual basis for Martin's plea. The police report

---

[2] Martin obviously meant to say "unoccupied."

clearly states the Drake security guard witnessed Martin "in" the Jeep. The guard asked Martin what she was doing "in" the vehicle. After police arrived at the scene, Martin stated she was "in" the vehicle because she was "homeless and hungry" and "looking for food or money." Further, the police report indicates the "Method Used" was "Enter," and "Point of Entry" was "Vehicle passenger door."

Clearly, the record before the district court provided sufficient factual basis to support Martin's *Alford* plea to burglary of an unoccupied motor vehicle. Therefore, Martin's counsel did not render ineffective assistance by allowing her to plead guilty to the offense. Consequently, we affirm Martin's judgment and sentence for burglary of an unoccupied motor vehicle.

**AFFIRMED.**