# IN THE COURT OF APPEALS OF IOWA

No. 13-2032
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RUSTIN C. HARVEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.


        Rustin Harvey appeals from the judgment and sentence entered after pleading guilty to possession of marijuana. **AFFIRMED.**


        David Barajas of Gaudineer & George, L.L.P., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John M. Sarcone, County Attorney, and Andrea M. Petrovich, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Potterfield, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Rustin Harvey appeals from the judgment and sentence entered after pleading guilty to possession of marijuana.  He contends his trial counsel was ineffective in allowing him to plead guilty without a factual basis.  Specifically, he contends the record does not support a finding he knowingly possessed marijuana.

Harvey was arrested on October 15, 2013, after Officer Christopher Mock observed him lying on a concrete landscape wall with his eyes closed, speaking to himself.  Harvey told Officer Mock he had smoked methamphetamine and "fake weed" within the past twenty-four hours.  When asked if he had anything in his possession that the officer "needed to know about," Harvey hesitated, reaching for his backpack several times before pulling away from it.  When Officer Mock did a safety check of Harvey's person, he discovered a pipe commonly used to smoke marijuana and a sandwich baggie containing "Good Times" cigarette rolling papers and a "cigarette blunt" containing a green, leafy substance that had a strong odor of marijuana.  Harvey claimed the substance was tobacco but did not answer when asked why it smelled of marijuana.

On November 21, 2013, Harvey entered a written guilty plea to possession of marijuana, stating, "In Polk County, Iowa, I possessed marijuana." He was sentenced to a suspended 180-day jail sentence and one year of probation.  He filed his notice of appeal on December 19, 2013.

Harvey's sole contention on appeal is that he received ineffective assistance of counsel because his trial counsel allowed him to plead guilty to possession of marijuana when the record does not establish he knowingly

possessed marijuana. Counsel has a duty to ensure a client does not plead guilty to a charge for which no objective factual basis appears in the record, and allowing a client to do so violates the Sixth Amendment right to counsel. *State v. Finney*, 834 N.W.2d 46, 54-55 (Iowa 2013). To determine whether a factual basis exists, we look at the entire record before the district court. *Id.* at 62. This includes the minutes of evidence. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). The record need only demonstrate facts that support the offense. *Id.*

Upon our de novo review, *see State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001), we conclude the record demonstrates sufficient facts to support Harvey's guilty plea to possession of marijuana. Harvey possessed on his person the type of pipe commonly used for smoking marijuana, "Good Times" cigarette rolling papers, and a rolled cigarette filled with a substance that looked and smelled like marijuana; this is sufficient to demonstrate actual possession. *See State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008) ("A person has actual possession of a controlled substance when the substance is found on the person."). The marijuana and paraphernalia found on his person, coupled with the behavior observed by Officer Mock, demonstrates Harvey had knowledge of its nature. *See State v. Reeves*, 209 N.W.2d 18, 22 (Iowa 1973) (stating knowledge of the narcotic character of a drug may be shown by the defendant's conduct, behavior, and declarations). Because the record before the district court at the time the guilty plea supports a finding Harvey knew he possessed marijuana, a factual basis for his guilty plea exists, and counsel was not ineffective in allowing him to plead guilty.

**AFFIRMED.**