# IN THE COURT OF APPEALS OF IOWA

No. 14-2100
Filed February 24, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JAYMES ANTHONY STARK,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Lee (South) County, Michael J. Schilling (plea) and John G. Linn (sentencing), Judges.

Jaymes Anthony Stark appeals from the judgment, conviction, and sentence imposed after pleading guilty to second-degree criminal mischief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Jaymes Anthony Stark pled guilty to a charge of criminal mischief in the second degree. He now appeals from the resulting judgment, conviction, and sentence imposed.

## I. Factual Background

Law enforcement officers were called to a residence located on Bank Street in Keokuk on August 27, 2013. On arrival they discovered that Mary Stark's automobile and the house, owned by Pat Morgan, had both been damaged. It was determined that Anthony Stark was responsible.

A trial information was filed charging Stark with criminal mischief in the second degree and harassment in the first degree. Only the criminal mischief charge is challenged in this appeal. The trial information alleged that "the cost to repair or replace said property exceeds one thousand but not ten thousand dollars." Attached to the minutes were estimates showing the cost to repair the damage was $1394.88.

Stark pled guilty to criminal mischief in the second degree as charged. During the plea proceeding, the prosecutor set out the factual basis of the charge levied. He stated the damage to be $1394.88, and counsel for Stark acknowledged the prosecutor's rendition of the factual basis. The court directly asked Stark if the damage to the vehicle was approximately $1395, and Stark answered "yes."

As a part of the plea agreement, Stark agreed to reimburse the victims for their losses. A statement of pecuniary damages was filed showing a loss of $500

to the victims. The presentence investigation report also indicated the pecuniary loss to be $250 to Mary Stark and $250 to Pat Morgan for a total of $500.

Stark's counsel did not file a motion in arrest of judgment. Stark contends that such a motion should have been filed alleging his plea to second-degree criminal mischief lacked a factual basis based on the statement of pecuniary damages, which shows the victims' damages to be less than $1000. *See* Iowa Code § 716.4 (2013) (defining second-degree criminal mischief as criminal mischief where the cost of replacing, repairing, or restoring the property exceeds $1000 but does not exceed $10,000). Stark has appealed, claiming ineffective assistance of counsel.

## II. Error Preservation and Scope of Review

Ineffective-assistance-of-counsel claims are an exception to the error-preservation requirement. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). When the claim is based on counsel permitting a defendant to plead guilty when no factual basis existed, the review is de novo. *Id.* Generally, the trial record is inadequate to resolve a claim of ineffective assistance of counsel. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). As to the issue raised in this direct appeal, the record made on the entry of the guilty plea is adequate to dispose of the claim.

## III. Discussion

Stark's claim is meritless. The pecuniary damage report and the presentence investigation report relate to the amount of restitution that can be entered as against Stark to compensate the victims. *See State v. Hagen*, 840 N.W.2d 140, 147 (Iowa 2013) ("One purpose of restitution is to compensate

victims of crime."). The legislature has defined "pecuniary damages" to mean "all damages to the extent not paid by an insurer." Iowa Code § 910.1(3). The pecuniary damage claim is the amount of restitution that a defendant may be required to pay and is determined ancillary to a plea or finding of guilt. *See id.* § 910.3. Accordingly, it does not and cannot affect the preexisting charge levied and disposed of by a plea or finding. It would be strange indeed to think the legislature intended to control the degree of a crime by the amount of the victim's insurance.

It is the duty of the court to establish the factual basis before accepting a plea of guilty. Iowa R. Crim. P. 2.8(2)(b). In determining whether a factual basis exists, the entire record before the court is considered. *State v. Brooks*, 555 N.W.2d 446, 448-49 (Iowa 1996). In this case, the factual basis was reflected in the minutes attached to the trial information, the statement of the prosecutor affirmed by Stark's counsel, and by Stark's own affirmation. Counsel has no obligation to pursue a meritless claim. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). Stark's request to vacate his conviction and remand the case to the district court is denied.

**AFFIRMED.**