# IN THE COURT OF APPEALS OF IOWA

No. 15-0459
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOEL ALLEN FOLLOWILL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marion County, Paul R. Huscher

(Plea Colloquy) and Randy V. Hefner (Judgment Entry), Judges.


        A defendant appeals his conviction and sentence following a guilty plea to

burglary in the third degree.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Bridget A.

Chambers, Assistant Attorneys General, for appellee.


        Considered by Bower, P.J., McDonald, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Joel Followill appeals his conviction and sentence following a guilty plea to burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A (2013). Followill maintains his trial counsel was ineffective in allowing him to plead guilty without a factual basis to support the finding that he entered an "occupied structure" and for failing to file a motion in arrest of judgment to challenge the plea. Because we find a factual basis supports Followill's guilty plea for burglary in the third degree, trial counsel was not ineffective in allowing him to plead guilty. We affirm.

**I.      Background Facts and Proceedings.**

On January 31, 2014, Followill was charged by trial information with one count of burglary in the third degree.[1] The minutes of testimony state Van Essen Auto reported to local police that approximately one hundred radiators were missing from the "scrap area on the north side of [the] storage shed." This area could be "accessed from the West through Van Essen's lot or from the East through the back yard [of the neighboring lot]." Additionally, the storage area was "located behind Van Essen's shop" and "not opened for public access."

On December 19, 2014, as part of a plea agreement, Followill pled guilty in open court to burglary in the third degree. During the plea colloquy between the court and the defendant, the following occurred:

> Q: Let's talk about the charge of Burglary in the Third
> Degree. Tell me what you did to commit that offense. A: On

---

[1] Followill was charged with, and ultimately pled guilty to, other crimes as well. Because he only challenges his conviction and sentence for burglary in the third degree, we do not discuss the other charges.

January 7, 2014, I entered an area that was not accessible to the public and I took some radiators from Van Essen Auto and . . . .

Q: All right. Did you have any right, license, or privilege to be on the property of Van Essen autobody shop? A: No.

Q: And did you enter that—was it a building that you entered? A: No.

Q: It was an enclosed area? A: Yes.

Q: Did you enter that area with the intent to commit a theft? A: Yes.

The court sentenced Followill to a term not exceeding five years and suspended the sentence. Followill was placed on probation for five years.

Followill appeals.

## II.     Standard of Review.

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id.* We review claims for ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III.     Discussion.

Followill maintains his trial counsel was ineffective for allowing him to plead guilty without a factual basis and for failing to file a motion in arrest of judgment to challenge the plea. To prevail on a claim of ineffective assistance of counsel, Followill must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a

charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea." *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). In such a case, prejudice is inherent. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). Although we prefer to reserve ineffective-assistance claims for development of the record and to allow trial counsel to defend against the charge, *see State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006), here we find the record is adequate to review Followill's claim.

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62. We examine the entire record before the district court to determine if a factual basis exists for burglary in the third degree. *See id.* Pursuant to Iowa Code section 713.1, burglary is defined as:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, *enters an occupied structure*, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

(Emphasis added.) "Third-degree burglary generally involves burglary where no persons are present in the occupied structure and no aggravating circumstances occur." *State v. Pace*, 602 N.W.2d 764, 768 (Iowa 1999); *see also* Iowa Code

§ 713.6A.  Followill maintains there was not a factual basis to support that he entered an "occupied structure."

An "occupied structure" is:

[A]ny building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value.  Such a structure is an "occupied structure" whether or not a person is actually present.  However, for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure."

Iowa Code § 702.12.  Our definition of occupied structure has two prongs; "[t]he first describes the type of place that can be the subject of burglary, and the second considers its purpose or use."  *Pace*, 602 N.W.2d at 769.  "A thing is an appurtenance 'when it stands in relation of an incident to a principal and is necessarily connected with the use and enjoyment of the latter'"  *Id.* at 770 (citation omitted).  The key factor "is whether it is '*connected in use* with the principal'."  *Id.* (emphasis added) (citation omitted).

Followill admits the area was used "for the storage or safekeeping of [something] of value."  In other words, he admits the area had the purpose or use to be the subject of a burglary.  However, he maintains the area from which he stole the radiators is not the type of place that can be the subject of a burglary.  More specifically, he asserts the space was not an appurtenance because it was not a fenced or enclosed space.  This argument fails for two reasons.  First, Followill was specifically asked during the plea colloquy if it "was an enclosed

area" and he answered in the affirmative.[2] Second, our case law establishes that an area need not be enclosed to be an appurtenance. In *State v. Baker*, 560 N.W.2d 10, 13 (Iowa 1997), our supreme court held that a driveway fell within the definition of appurtenance because "[d]riveways are closely associated with, and connected to, buildings and structures. In most instances, they are created to enhance the use and enjoyment of the building or structure." Additionally, in *Pace*, the court held that the sidewalk leading up to, as well as the stoop to the home, were not appurtenances because there was no evidence in that specific case that they were "occupied by persons for the purpose of carrying on some activity," but such an area could be an appurtenance. 602 N.W.2d at 770–71 ("Considering our broad definition of 'appurtenance,' we conclude a step or stoop outside the door of a home, as well as the cement walkway leading to the step, would fall within the definition of an appurtenance to the house.").

Here, the area from which Followill stole the radiators was behind the principal building of the shop and beside a storage shed. As Followill concedes, the area was used to store things of value—namely parts and inventory for the business. Additionally, the area was not generally open to the public. This provides a factual basis that Followill entered an appurtenance or an "occupied structure" in order to commit the theft. Accordingly, we find a factual basis exists to support Followill's guilty plea for burglary in the third degree, and trial counsel

---

[2] Followill maintains that the minutes of testimony contradict this statement. We have found nothing in the record to support this assertion—the minutes of testimony indicate the radiators were stolen from a "storage area" that was "not open for public access," that was located "on the north side of the storage shed" and "behind Van Essen's Shop." The minutes do not explicitly identify the area as enclosed or fenced, but there is nothing that contradicts Followill's statement that it was.

was not ineffective for allowing Followill to plead guilty.  We affirm Followill's conviction.

**AFFIRMED.**