## IN THE COURT OF APPEALS OF IOWA

No. 15-1091
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARCHELLO REMBERT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan Callahan, District Associate Judge.

Marchello Rembert appeals following his guilty plea. **AFFIRMED.**

William Monroe of the Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Marchello Rembert appeals following his guilty plea to operating while intoxicated, first offense, in violation of Iowa Code section 321J.2(2)(a) (2013). He asserts trial counsel was ineffective in allowing him to plead guilty to the charge without a factual basis. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) ("If a defendant enters a plea of guilty to a crime and the record fails to disclose a factual basis, defense counsel fails to provide effective assistance.").

Section 321J.2(2)(a) provides:

> A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:
> a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.
> b. While having an alcohol concentration of .08 or more.
> c. While any amount of controlled substance is present in the person, as measured in the person's blood or urine.

Rembert was charged after being involved in a single-car accident in which he admits he was the driver. Both paramedics and officers smelled an alcoholic beverage on Rembert's breath at the scene and at the hospital. When asked if he had been drinking and smoking marijuana, Rembert replied "probably" to both questions. And Rembert did admit he operated a motor vehicle while intoxicated. There is a factual basis to support the charge. *See State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010) ("[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense."). Trial counsel was not ineffective for allowing Rembert to enter the guilty plea or failing to seek dismissal of the charge. We affirm.

**AFFIRMED.**