## IN THE COURT OF APPEALS OF IOWA

No. 18-2044
Filed March 4, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CATHERINE WONSOUR NIMELY,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Catherine Nimely appeals her conviction of assault causing bodily injury following her guilty plea. **AFFIRMED.**

Shawn C. McCullough of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Catherine Nimely appeals her conviction and sentence following her guilty plea, claiming ineffective assistance of counsel. Nimely claims that her counsel improperly allowed her to plead guilty to assault causing injury when there was insufficient factual basis to support her plea. We find a sufficient factual basis and affirm.

### I. Background Facts and Proceedings.

According to the minutes of testimony, in March 2018, Nimely approached her thirteen-year-old neighbor, F.B., to babysit her kids. F.B. refused and then entered her apartment. Nimely, carrying her small child, eventually gained access to F.B.'s home where she punched and choked F.B. Afterward, Nimely left, and F.B. called the police. When police arrived, they interviewed F.B., who identified Nimely as the assailant. F.B. described the facts of the assault to the police. To confirm the attack, the police officer observed and photographed scratches and blood on F.B.'s neck.

With the help of counsel, Nimely entered a written guilty plea to the serious misdemeanor of assault causing injury. *See* Iowa Code §§ 708.1, .2(2) (2018). A section in the written guilty plea stated,

> The Court, in determining whether there is a factual basis for this plea of guilty, may make such a determination by examining the Minutes of Testimony attached to the Trial Information, by reviewing the investigative reports of law enforcement agents . . . , or by asking me or counsel to recite and summarize the material facts that would be offered at trial.

On the guilty plea, Nimely also handwrote that on March 30, the night of the assault, she did "[c]ommit an assault causing an injury." The district court accepted

the written guilty plea and sentenced Nimely to a sixty-day term of incarceration, which it suspended, and placed her on unsupervised probation for two years. Nimely appeals.

## II. Standard of Review.

Because a claim of ineffective assistance of counsel is constitutional in nature, appellate review of this claim is de novo. *State v. Scalise*, 660 N.W.2d 58, 61–62 (Iowa 2003).

## III. Analysis.

First the State challenges Nimely's right to appeal, arguing that Senate File 589, and the subsequent change to Iowa Code sections 814.6 and 814.7, governs the appellate review of a guilty plea through retroactive application of the amendments and prevents Nimely from urging ineffective assistance on direct appeal. The Iowa Supreme Court addressed this in *State v. Macke*, holding, "Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). The Iowa Supreme Court's holding is clear, and Nimely's direct appeal is proper and reviewable.

Turning to Nimely's argument, her only claim on appeal is that her counsel was ineffective by allowing her to enter a guilty plea without a sufficient factual basis. As a result, she contends her subsequent conviction and sentence must be vacated and remanded for a new trial. More specifically, Nimely argues the guilty plea fails to identify the victim and her injuries sufficient to establish a factual basis. Although Nimely concedes that the guilty plea has a section that references the court's ability to consider the trial information and the minutes of testimony to form

a factual basis, she argues that the section is mere boilerplate language which ought to be more specific and include the factual details of the crime.

To establish ineffective assistance of counsel, Nimely must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). Counsel violates an essential duty by allowing a defendant to plead guilty to an offense without a sufficient factual basis. *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). In these circumstances, prejudice will be presumed. *State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010).

When analyzing whether counsel failed to perform an essential duty, "[t]here is a strong presumption that counsel's performance meets professional standards." *State v. Oetken*, 613 N.W.2d 679, 683 (Iowa 2000). The burden is on the defendant to "present an affirmative factual basis establishing inadequate representation." *Id.* Nimely claims that there was insufficient evidence to establish guilt beyond a reasonable doubt for assault causing injury.

Because a factual basis argument is not new, we reference long-standing guidelines:

> The determination of whether there is a factual basis in the record to support the charge to which the defendant seeks to plead guilty is an objective inquiry that has nothing to do with the state of mind of the accused, but everything to do with the state of the record evidence.

*State v. Finney*, 834 N.W.2d 46, 55 (Iowa 2013).

The court may rely on the minutes of testimony when analyzing the record for a factual basis. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). The record as a whole must disclose facts to satisfy the elements of the crime.[1] *Id.*

In contrast, the State claims the minutes of testimony establish the factual basis and notes Nimely agreed to allow the minutes of testimony to be used as evidence to find a factual basis for her plea. We agree with the State. There is a sufficient factual basis to support Nimely's guilty plea, and relying on the minutes of testimony to establish the factual basis is proper.

Consideration of the full record eviscerates Nimely's position. Here the record, including the minutes of testimony, establishes the elements of assault causing injury. F.B.'s statements, as well as the officers' arrest narratives and photographs, describe Nimely as the assailant, establish her presence at the crime scene, and describe the injuries F.B. sustained as a result of Nimely's assault. While Nimely may be correct that the section of the guilty plea form advising her that the court could use the minutes of testimony to establish the factual basis is boilerplate, this argument provides her no relief. Our case law is clear: the district court may use the minutes of testimony to establish a factual basis, and the guilty plea itself is not fatally flawed because the guilty plea fails to contain specific detail necessary to establish the factual basis. *See Finney*, 834 N.W.2d at 62 (noting that in determining whether a factual basis supports a guilty plea, "the entire record before the district court may be examined" and providing "that insubstantial errors

---

[1] Iowa Code section 708.1 provides, "A person commits an assault when, without justification, the person does . . . [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act."

should not entitle a defendant to relief" because the "relevant inquiry . . . involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record").

Yet, other than argument, Nimely presented no additional evidence showing ineffective assistance of counsel beyond pointing to the written guilty plea's lack of specific evidence on the document itself. The claim of ineffective assistance of counsel fails when the document terms and case law allow for courts to review the minutes of testimony to form a factual basis for guilty pleas. And the minutes of testimony clearly establish a factual basis. We conclude Nimely has failed to establish that her counsel breached an essential duty. Her ineffective-assistance claim fails.

**IV. Conclusion.**

For all of the above stated reasons, we affirm Nimely's conviction and sentence.

**AFFIRMED.**