# IN THE COURT OF APPEALS OF IOWA

No. 19-0925
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AJAMU MANU EL-AMIN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Ajamu El-Amin appeals from his guilty plea to two counts of sexual abuse in the third degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

In May 2019, Ajamu El-Amin pled guilty to two counts of sexual abuse in the third degree in violation of Iowa Code sections 709.1(1) and 709.4(1)(a) (2017). The charges arose from allegations that El-Amin raped G.S. (count I) and then threatened and intimidated another man, J.C., into raping G.S. (count II).

The district court accepted El-Amin's pleas and sentenced him to a term of incarceration not to exceed ten years on each count, with the sentences to run consecutively to each other and to a previously imposed sentence. El-Amin appeals.

On appeal, El-Amin concedes there is a sufficient factual basis to support his guilty plea to count I but argues there was not a sufficient factual basis to support his plea to count II based on J.C.'s sexual abuse of G.S. According to El-Amin, he could not be found guilty of count II because there was no evidence he committed a sex act against J.C. He argues his counsel was ineffective for allowing him to plead guilty to count II without a factual basis.[1]

We review ineffective-assistance-of-counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "To prove ineffective assistance, the defendant must demonstrate by a preponderance of evidence that '(1) his trial counsel failed

---

[1] The 2019 amendments to Iowa Code sections 814.6 and 814.7 would not permit El-Amin to appeal his guilty plea or raise an ineffectiveness claim on direct appeal, but these amendments apply prospectively only and do not affect this case. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019."). That said, we generally do not consider ineffectiveness claims on direct appeal unless the record is adequate to do so. *State v. McCoy*, 692 N.W.2d 6, 14 (Iowa 2005). We find the record adequate here.

to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* (citation omitted). Counsel violates an essential duty by allowing a defendant to plead guilty without a sufficient factual basis to support the guilty plea. *Id.* "Prejudice is presumed under these circumstances." *Id.* at 764–65. To determine whether there was a factual basis to support the guilty plea, the "record, as a whole, must disclose facts to satisfy the elements of the crime." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

We start with the allegation at issue. Here, the State alleged El-Amin was guilty of count II based on the theory that he aided and abetted J.C. in sexually abusing G.S. *See* Iowa Code § 703.1 ("All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried and punished as principals."). During the plea hearing, the court acknowledged that El-Amin could be found guilty of third-degree sexual abuse "by aiding and abetting another," and El-Amin agreed that he understood "each and every element of the crime charged."

Next we look at the law involved. To prove El-Amin was guilty of third-degree sexual abuse based on the theory that he aided and abetted J.C., the State had to prove that El-Amin "assented to or lent countenance and approval to" J.C.'s commission of sexual abuse "either by active participation or by some manner encouraging it prior to or at the time of its commission." *State v. Neiderbach*, 837 N.W.2d 180, 211 (Iowa 2013) (citation omitted). To prove J.C. committed sexual abuse in the third degree, the State was required to show that (1) on or about April 4, 2017, J.C. performed a sex act with G.S. and (2) J.C. performed the sex act by force or against G.S.'s will. *See* Iowa Code § 709.4(1)(a).

Finally we review the stated factual basis. At the plea hearing, the court asked El-Amin to describe what happened in his own words. El-Amin stated that on April 4, 2017 he "[f]orced [G.S.] to have sex and then intimidated that other guy and made sure he had sex with her too." The court clarified,

> THE COURT: And you had another gentleman that was there with you?
> DEFENDANT: Yes.
> THE COURT: Do you remember his name?
> DEFENDANT: [J.C.]
> THE COURT: All right. What did you do to [J.C.]?
> DEFENDANT: Intimidated him to have sex, too.
> THE COURT: And who did he have sex with?
> DEFENDANT: [G.S.]
> . . . .
> THE COURT: And can you tell me how you used intimidation to get him to do that.
> DEFENDANT: He says it was a knife, but it wasn't a knife. It was a stick. A stick—a thick one, like [G.S.] said it was. He said a knife. [G.S.] said a stick. It was a stick.
> THE COURT: All right. So you have a big stick. And what was—what were you doing with the big stick?
> DEFENDANT: Threatening him with it, to have sex with her. Like, I was going to poke him with it.
> THE COURT: And did he in fact have sex?
> DEFENDANT: Yes.

We conclude the record shows a sufficient factual basis to sustain El-Amin's guilty plea to count II based on an aiding-and-abetting theory. Even more, El-Amin conceded that he threatened and intimidated J.C. into performing a sex act on G.S. by force or against her will. For that reason, El-Amin cannot show his counsel failed to perform an essential duty and his ineffectiveness claim fails. We affirm his conviction.

**AFFIRMED.**