# IN THE COURT OF APPEALS OF IOWA

No. 24-1373
Filed January 28, 2026

**Brock Anthony Wing,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

**AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

After his conviction of one count of unauthorized use of a credit card in violation of Iowa Code section 715A.6(2)(a) (2023), a class "C" felony, Brock Wing applied for postconviction relief (PCR).[1] His argument on appeal is that there was not a sufficient factual basis to demonstrate that he "succeeded or attempted to purchase over $10,000 in goods or services." After reviewing the record, we find sufficient evidence to establish the elements of the crime to which he pled guilty. Finding no breach of an essential duty by counsel, we affirm.

After pleading guilty to the unauthorized use of a credit card and waiving the right to challenge the plea, Wing applied for PCR on January 4, 2024, alleging his plea counsel was ineffective because the plea lacked a factual basis. Wing did not directly appeal from his conviction.

We review PCR claims of ineffective assistance of counsel de novo. *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). "On de novo review, 'we give weight to the lower court's findings concerning witness credibility.'" *Id.* (citation omitted). "[W]e are not bound by the lower court's determination." *Id.* (citation omitted).

During the PCR trial, Wing admitted that he found someone's purse and he tried to use some of the credit cards at several locations between March 20 and March 31, 2023. Wing also testified that he may have tried to "swipe" the cards under ten times, but that he had only accessed

---

[1] Wing was sentenced to a period of incarceration not to exceed ten years, along with a fine of $1,370, plus 15% surcharge. The sentencing court suspended the sentence and the fine, and Wing was placed on probation for a term not to exceed two years.

approximately $500. He contended he was unaware that the charge he pled to related to charges or attempted charges exceeding $10,000.

But, at the PCR trial the State asked Wing:

> Q. Okay. And in this case you tried multiple times to put through a transaction with this credit card; right? A. Honestly, I don't remember because I was under a lot of stress. I lost my house to a criminal that stole my—stole my house one time.
>
> Q. I'm sorry to hear that. But you tried to put through at least two transactions for $3,000 on that machine; right? A. I may have, but I don't remember.

His plea attorney also testified at the PCR trial. Confirming that he explained at least three times Wing's potential plea deal, the plea attorney testified about the State's position that all charges and attempts exceeded $10,000:

> But I do remember [Wing] coming into my office and I had it up on my screen and we walked through about, essentially what the detective was going to say; right? And if the victim were to testify at the trial, what she would say. And I told him, look, this is how they came to these numbers. This is what—no matter what's going to happen, the detective is going to say this number and the victim is going to say this number. So that's how it would proceed.

Wing's plea attorney also confirmed he provided Wing the trial information and minutes of testimony. The minutes of testimony provided that after the victim lost her wallet, "[t]he following day, she started receiving charges on her bank cards. Two purchases went through on her [credit card]—a . . . hotel and a [convenience store] purchase. In total several attempts were made for over $14,000." The attached supplemental police report noted that Wing "did commit the unauthorized use of credit cards . . . in [an] attempt to obtain up to and use $14,380.71." The documentation from the police report showed some of the transactions but also noted that the

victim could only access the information to some transactions by subpoena or by directly calling for a verbal confirmation.

Further, plea counsel confirmed that after informing Wing of the plea negotiations with the State and the ramifications of the plea agreement last proposed, ultimately it was Wing's decision to plead guilty to the class "C" felony. Likewise, plea counsel testified that Wing's objective was to get probation, which required that he plead to the class "C" felony under the State's plea negotiations.

In the November 2023 plea and sentencing hearing, the following exchange occurred between the court and Wing:

> COURT: All right. Mr. Wing, in this case, the State of Iowa would need to prove that you, Brock Anthony Wing, that on or about March 20th, 2023, that you, either individually or by aiding and abetting another person, used a credit card to obtain property or services in excess of $10,000, knowing the credit card was stolen, forged, revoked, canceled, or otherwise used without authorization.
>
> WING: Yes, Your Honor. I found it on the ground.
>
> COURT: All right. Did you actually commit that offense?
>
> WING: Yes, Your Honor. I spent 100—whatever it said in there.
>
> DEFENSE COUNSEL: Hey—
>
> COURT: Hold on a second. We'll—go ahead, [defense counsel].
>
> (An off-the-record discussion was held.)
>
> COURT: First of all, let me just go through a few easy things: Did that occur on or about March 20th, 2023?
>
> WING: Yes, Your Honor.
>
> COURT: Did that occur somewhere in Polk County, Iowa?
>
> WING: Yes, sir. Yes, sir.

4

COURT: Can you tell me, did you have—did you have the ability to use that credit card?

WING: Yeah, I used it at an ATM machine.

COURT: But was it your credit card?

WING: No, it was [the victim's].

COURT: Somebody you didn't—who didn't authorize you to use it?

WING: No, I found it on the ground.

COURT: And in the end, did you receive more than $10,000 worth of—money or merchandise or things like that?

DEFENSE COUNSEL: Hold on. Your Honor, he was charged under the attempt theory—

COURT: Okay.

DEFENSE COUNSEL: —so I would request that you ask based under that. He never actually received the—any excess amount—any dollar amount in excess of $10,000, but there were attempts—

COURT: Okay.

DEFENSE COUNSEL: —to exceed that. And I believe that the—under the law, you—you can be—you do get charged with a class "C," even if you just merely make attempts for excess of $10,000.

COURT: We can work that out in a little bit, Mr. Wing.

WING: Okay.

COURT: Did you use—did you use that credit card enough times that you tried to get $10,000 or more?

WING: I—I successfully got, like—

DEFENSE COUNSEL: Hold on.

(An off-the-record discussion was held.)

WING: Okay. Yeah—yes , Your Honor.

> COURT: Okay. Again, you didn't have the authorization of that person [the victim] to use that credit card?
>
> WING: No, Your Honor.

While this exchange is not as clear as it could be, the court asked if Wing "*tried* to get $10,000 or more" and Wing, after the off-the-record discussion, then answered "yes." (Emphasis added.) But, plea counsel clarified the off-the-record discussion as involving:

> the way the Court had worded that question was just, use of the card, and Mr. Wing had started talking about the money that he actually got, and I wanted to remind him at that moment in time that, you know, we talked about that you also get charged with the attempts, remember. So we have to plead guilty to the attempts as well, and that's when I asked him if he still wanted to proceed, and he said yeah, and then we proceeded.

And at the PCR trial, when asked if Wing "ultimately did admit that he did make attempts in excess of $10,000," plea counsel answered, "Yes."

In our analysis, we apply *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A person claiming ineffective assistance of counsel must prove (1) breach of an essential duty and (2) prejudice. *Id.* "The failure to prove either element defeats the defendant's claim." *Smith v. State*, 7 N.W.3d 723, 726 (Iowa 2024).

We address the breach of essential duty element. "If a defendant enters a plea of guilty to a crime and the record fails to disclose a factual basis, defense counsel fails to provide effective assistance. . . . [P]rejudice is inherent under the circumstances." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

On this record, in our de novo review, we conclude that a factual basis existed to support Wing's plea of guilty. Thus, plea counsel was not ineffective by permitting Wing to plead guilty or by not filing a motion in

6

arrest of judgment to challenge the guilty plea. First, the factual basis for the plea must be contained in the record, which must disclose facts to satisfy all elements of the offense. *Id.* We discern a factual basis from four sources: "(1) inquiry of the defendant, (2) inquiry of the prosecutor, . . . (3) examination of the presentence report," and (4) the minutes of testimony. *State v. Williams*, 224 N.W.2d 17, 18–19 (Iowa 1974).

Under the offense charged, the State was required to show that "the value of the property or services secured or *sought to be secured* by means of" the unauthorized use of the credit card was greater than ten thousand dollars. Iowa Code § 715A.6(1)(a)(3), (2)(a) (emphasis added). Wing admitted the unauthorized use and, after the off-the-record discussion, admitted the amount he attempted to secure using the credit cards was over $10,000. Additionally, the documentation and materials provided in the minutes of testimony support the statutory requirements for the charge. *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010) ("[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense.").

Wing fails in his effort to prove ineffective assistance of counsel. We do not address the prejudice prong. We affirm the dismissal of the PCR application.

**AFFIRMED.**