# IN THE COURT OF APPEALS OF IOWA

No. 16-1058
Filed September 13, 2017

**JUSTIN MARSHAWN ROSS,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Marsha A. Bergan, Judge.

An applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

In August 2013, following four days of trial for first-degree murder, Justin Ross entered into a plea deal and pleaded guilty to attempt to commit murder, a class "B" felony, in violation of Iowa Code section 707.11 (2011). Ross was sentenced to twenty-five years in prison with a 70% mandatory minimum, with credit for time served. Ross did not appeal.

In February 2014, Ross filed an application for postconviction relief (PCR). The matter proceeded to hearing in January 2016. On May 31, the district court issued a ruling denying Ross's application. The court found there was a factual basis for Ross's plea and his plea was voluntarily and intelligently made. Ross now appeals.

On appeal, Ross contends his trial attorneys pressured him into entering a plea and the court failed to explain the intent element of attempt to commit murder. As a result, he argues, his plea was involuntary.

Ross did not file a motion in arrest of judgment or a notice of appeal following his guilty plea and sentencing. As a result, he did not preserve error on claims related to his guilty plea. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). However, he frames his argument within the rubric of an ineffective-assistance-of-counsel claim by arguing his counsel was ineffective for allowing him to enter an involuntary plea. "This is an exception to our error preservation requirement." *Id.*

We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To show ineffective assistance, Ross must demonstrate (1) his counsel's representation fell below an objective

standard of reasonableness and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the representation prong, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, Ross must show "there is a reasonable probability that, but for the counsel's professional errors, the result of the proceeding would have been different." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). In the context of a guilty plea, this means "a reasonable probability that, but for counsel's alleged errors, the applicant would not have pled guilty and would have insisted on going to trial." *Id.*

Ross first argues he was coerced by counsel into entering the guilty plea. At his PCR trial, Ross testified his attorneys did not work with him and tried to induce him into pleading guilty out of fear.

The record belies Ross's claim. During the plea colloquy, the following exchange took place:

> THE COURT: Have you had enough time to talk to your lawyers about this plea offer to the charge of attempted murder?
> THE DEFENDANT: Yes, I had enough time.
> THE COURT: Are you satisfied with the advice and preparation they've given you?
> THE DEFENDANT: Yeah, I'm satisfied.
> THE COURT: Do you have any questions about—Are you doing this of your own free will to take this plea agreement rather than finish the trial and accept the jury's verdict?
> THE DEFENDANT: I'm doing it on the free will of the basis of my family and my son.

Ross's testimony to the contrary at the PCR trial is self-serving and unpersuasive. He has failed to meet his burden to establish any coercion by his trial attorneys. This claim of ineffective assistance fails.

Ross next argues the court failed to explain the intent element of the crime to which Ross pled guilty, rendering Ross's plea involuntary "because of confusion regarding the factual basis for the intent element of attempt to commit murder." "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "It follows that no advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *Id.* at 54–55. This is not a claim Ross raised at the PCR trial, so here he advances it as a claim that his PCR counsel was ineffective for failing to bring this claim.

"To be truly voluntary, the plea must not only be free from compulsion, but must also be knowing and intelligent." *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). Due process requires the defendant have knowledge of "the nature of the crime with which he is charged," among other things. *See id.* When evaluating a due process claim, the object of our inquiry is the defendant's subjective understanding of the plea proceeding. *See Finney*, 834 N.W.2d at 58. The court must "delve into the accused's state of mind." *Id.*

During the plea, the court discussed the elements of the crime with Ross. As to the intent element, the court asked him:

> THE COURT: And do you also understand that by using a dangerous weapon, the jury or the fact-finder can infer that you used that weapon with malice, premeditation, and a specific intent to kill?
> THE DEFENDANT: Yes.
> THE COURT: Okay. And the reason I'm asking you that, Mr. Herron [sic],[1] is because the third element of the charge of attempt

---

[1] Herron was the name of the victim.

to commit murder states that when you acted, you specifically intended to cause the death of Andre Herron.

The crime of attempt to commit murder does not require malice or premeditation. *See* Iowa Code § 707.11 (requiring "the intent to cause the death of another person"). Ross argues the court misstated the law because the "mere use of a dangerous weapon, standing alone, is not sufficient to permit an inference regarding malice or intent." This is incorrect. *See State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017) ("[A] rational juror could infer that one who uses a dangerous weapon intends to cause physical harm, and even to kill."). And the court's immediate clarification eliminated any possible confusion.

Ross also gestures toward a claim that the court's mistake in calling him "Herron," which happened twice during the plea colloquy, means he was confused about the proceedings. Each time the mistake was corrected. Additionally, we fail to see how the court accidentally calling Ross by the victim's name would so befuddle Ross that he would misunderstand the guilty plea. To the extent Ross makes this claim, we reject it.

Finally, Ross hints at a claim that his trial attorneys were ineffective for letting him plead to a crime that lacked a factual basis. This claim was raised at the PCR trial but merits only a passing mention in Ross's appellate brief.[2] We nonetheless choose to address it. "In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor,

---

[2] We encourage appellate attorneys to review and follow our rules pertaining to brief preparation. *See* Iowa R. App. P. 6.903.

the minutes of testimony, and the presentence report." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

Here the record establishes a factual basis. Ross admitted to each element of the crime. These statements of the defendant are sufficient to establish a factual basis for the plea in this case. The district court was correct in finding Ross's plea had a factual basis. This claim of ineffective assistance fails.

For the foregoing reasons, we affirm the district court's denial of Ross's PCR application.

**AFFIRMED.**