# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0820
Filed January 7, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Murrell Ladell Griffin,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Robert J. Richter, Judge.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

A criminal defendant appeals his sentence for the convictions of driving while barred and eluding, asserting the district court abused its discretion by relying on an improper sentencing factor and utilizing a fixed sentencing scheme. Upon our review, we affirm.

## I.     Background Facts & Proceedings

Law enforcement observed a vehicle without a front license plate and learned the registration for the vehicle expired three months earlier. An officer pulled the vehicle over, and the driver, Murrell Griffin, stated that he did not possess a valid driver's license or insurance on the vehicle. Griffin's license was barred. When the officer informed Griffin that he was to be arrested for driving while barred, Griffin stated, "fuck that" and drove away at a high rate of speed. Law enforcement pursued Griffin for a time with emergency lights activated. Eventually, law enforcement ended the pursuit due to the high rate of speed.

A warrant was issued for Griffin's arrest, and he was eventually located and arrested. Griffin was charged with driving while barred, eluding, and escape from custody. Griffin agreed to plead guilty to driving while barred and eluding and to stipulate to a probation violation in exchange for the State's dismissal of the escape-from-custody charge and eleven traffic tickets. Griffin agreed the court could rely on the minutes of testimony for the factual basis for his pleas. The plea agreement provided that Griffin would receive consecutive terms of incarceration of two years on the driving-while-barred charge and one year for the eluding charge along with two years of probation, with the terms of incarceration to be suspended. The agreement was dependent on the district court's approval.

The district court announced before sentencing that it did not intend to be bound by the plea agreement. The court offered Griffin the chance to withdraw his pleas, which Griffin declined. The district court sentenced Griffin to concurrent terms of incarceration based on the following:

> Okay. Mr. Griffin, when the Court makes a decision about sentencing, I'm required to take into account several factors. These are the factors I'm considering in your case: I consider your age. You're an individual who has gone through a lot as far as criminal acts, and you understand better than most that there are consequences for criminal behavior.
>
> I also do consider your family situation, the impact it could have on [y]our relationship with others, your son especially.
>
> I also consider the impact the sentence would have on current employment as well as future employment. But I have to balance that against the need for deterrence, rehabilitation, the nature of the charges, and your criminal history.
>
> Mr. Griffin, I think you should be commended for how well you did on probation for the almost 19 months that you were on probation—or 20 months. Those are good things that you were taking the recommendations from your probation officer and following the rules.
>
> Unfortunately, I guess how I would sum it up is when you told that officer "fuck that" when he told you that you were going to jail for driving while barred and you sped through Dubuque—through the streets of Dubuque eluding the officers, you blew it. That's just all I can say.
>
> You got a criminal history that suggests that you knew there would be consequences for doing something like that. And even the prosecutor wants to give you another shot and the probation officer does, sometimes the way it is is that the judge has to be the heavy. And so that's what I'm doing today. Because with your kind of criminal history and behavior like driving through town, putting everyone at risk, eluding the police officers—it's just unacceptable behavior. I can't put you on formal probation again, like I said, when you blew it once and you have that horrible criminal history that you have.

3

> So I'm going to give you a two-year prison sentence on the driving while barred imposed. One-year jail sentence on the eluding imposed. They'll run concurrent. And on the probation violation, I'll revoke your probation, but run that concurrent as well.

Griffin now appeals his sentence, asserting the district court relied on an improper sentencing factor. Griffin argues that the district court considered facts that established the basis for the escape-from-custody charge, but since that charge was dismissed, those facts were improper to consider. Griffin also asserts the district court relied on a fixed sentencing scheme by focusing on a single factor, his criminal history.

## II.     Standard of Review

We review a defendant's sentence for abuse of discretion by the district court. *State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025).

> Sentencing decisions of the district court are cloaked with a strong presumption in their favor. We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure. A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.

*Id.* (cleaned up).

## III.    Analysis

Griffin asserts that the district court's consideration of his "fuck that" statement to law enforcement within the minutes of testimony was improper because it was not relevant to the driving-while-barred and eluding charges to which he pled guilty. Instead, Griffin argues the statement was a factual basis for the dismissed escape-from-custody charge, so it should not have been considered by the district court.

A sentencing court can use facts contained within the minutes of testimony "to establish a factual basis for a charge to which a defendant pleads guilty," but the court "should only consider those facts . . . that are admitted to or otherwise established as true." *State v. Chapman*, 944 N.W.2d 864, 872 (Iowa 2020) (citation omitted). If a fact within the minutes of testimony bears on an element of a charge to which the defendant pleads guilty, that fact is appropriate for consideration by the sentencing court. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

The crime of eluding a law enforcement vehicle requires that the defendant "willfully fails to bring the motor vehicle to a stop or otherwise eludes." Iowa Code § 321.279(1)(a) (2025). So, the district court was required to establish a factual basis in the minutes of testimony showing that Griffin willfully eluded the police to accept his guilty plea. Griffin's statement, "fuck that" bears directly on the willfulness of his eluding charge, as the statement immediately preceded a high-speed chase where Griffin avoided law enforcement. Because the statement provided a factual basis for an element of the eluding charge, it was an appropriate fact to consider by the sentencing court. *See Keene*, 630 N.W.2d at 581.

Next, Griffin argues that the district court improperly used a fixed sentencing policy, alleging the court relied on one factor, his criminal history, in its sentencing decision. The factors relevant to imposing sentence include the nature of the offense, the attending circumstances, and the defendant's age, character, propensities, and chances of reform. *State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015). "The court is not permitted to arbitrarily establish a fixed policy to govern every case, as that is the exact antithesis of discretion." *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979) (citation

omitted). Not one single factor, "including the nature of the offense, will be [s]olely determinative." *Id.* (citation omitted).

Here, the record shows that the district court did not rely on Griffin's criminal history in isolation. During the sentencing proceeding, the court specifically referenced Griffin's age, family situation, employment, successes on probation, the nature of the offense, and criminal history. The consideration of these multiple factors indicates that the district court was not employing a fixed sentencing policy. *See State v. Oxendine*, No. 24-1445, 2025 WL 2237328, at *2 (Iowa Ct. App. Aug. 6, 2025).

While the district court may have afforded more weight to Griffin's criminal history and the nature of the offense, it is "[t]he right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983). Griffin has neither demonstrated an abuse of discretion through application of an improper sentencing factor nor the utilization of a fixed sentencing scheme by the district court. Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**